# Exhibit H

Judge Brantley's June 2024 Order (Post-Election) Disallowing Plaintiff to Record a Hearing in Cobb County Superior Court Case *Lowe v. Lowe*

ID# 2024-0082493-CV
⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23105442**

JUN 20, 2024 04:29 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN LOWE,     )
          )
  Plaintiff,    )  **CIVIL ACTION**
          )
vs.         )  **FILE NO. 23-1-05442**
          )
LAURA LOWE,    )  **RELATED CASE**
          )  **NO: 24-1-00209**
  Defendant.   )

## ORDER DENYING RULE 22 REQUEST OF SPECTATOR MATTHEW MCMASTER

The parties to the above-styled case having come before the Court for a motions hearing on June 17, 2024, and both parties having appeared with counsel, and the Court having been presented with a spectator's request to recording these proceedings pursuant to Uniform Superior Court Rule 22, and the Court having reviewed the pleadings, evidence and applicable law, and in consideration of same, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

The Court is in receipt of a *Request to Record Court Proceedings* pursuant to Uniform Superior Court Rule 22 filed by Matthew McMaster ("Spectator"). McMaster is not a news media outlet, journalist, or reporter.

In reviewing such requests, the Court has reviewed and is guided by U.S.C.R. 22, which was amended on February 16, 2018. In issuing the amended Rule, the Supreme Court of Georgia expressed the intention behind the Rule was to "promote access to and understanding of court proceedings, including by the general public and news media outlets." The Court clarified, however, that this privilege is not absolute. The Georgia Supreme Court emphasized the trial courts must "protect the rights of participants in the proceeding."

Rule 22(A) provides that recording is "generally prohibited" by jurors, witnesses, parties and spectators. Section (C) provides that as a default, people in the courtroom other than lawyers representing a party are prohibited from using any device to record sounds and images except as specifically authorized by the Court. Spectator is governed by Rule 22(C).

The privilege to record judicial proceedings is not absolute. In denying a Rule 22 Request, the Court must make specific findings on the record that there is a substantial likelihood of harm arising from one or more of the following factors, that the harm outweighs the benefit of recording to the public, and that the judge has considered more narrow restrictions on recording than a complete denial of the request. The factors include the following:

(a) The nature of the particular proceeding at issue;
(b) The consent or objection of the parties, witnesses or alleged victims whose testimony will be presented in the proceedings;
(c) Whether the proposed recording will promote increased public access to the courts and openness of judicial proceedings;
(d) The impact upon the integrity and dignity of the court;
(e) The impact upon the administration of the court;
(f) The impact upon due process and the truth finding function of the judicial proceeding;
(g) Whether the proposed recording would contribute to the enhancement of or detract from the ends of justice;
(h) Any special circumstances of the parties, alleged victims, or other participants such as the need to protect children or factors involving the safety of participants of in the judicial proceeding; and
(i) Any other factors affecting the administration of justice or which the Court may determine to be important under the circumstances of the case.

See U.S.C.R. 22(G).

Guided by Rule 22, the Court makes the following findings of fact:

(1)    Whether there is a substantial likelihood of harm arising from one or more of the enumerated factors (a) through (i). The Court finds the following factors support the denial of the Rule 22 Request:

(a) <u>The type of proceeding at issue</u>: In this case, the Court notes this action concerns competing petitions for modification of child custody and parenting time. The issues in this case exclusively concern private and personal information concerning two minor children. These proceedings involve a request to modify parenting time on a temporary basis and a request to reappoint a Guardian ad Litem who represented the children in the underlying divorce. Because of the sensitive nature of the children's educational, psychoeducational, mental health and medical information involved in the Guardian ad Litem's previous investigation, the Guardian's file was placed under seal by this Court in accordance with USCR 24.9. The Court is aware Defendant's counsel intends to cross-examine the Guardian extensively regarding her investigation, including use of exhibits from the Guardian's testimony and report, which is now under Court seal.

(b) <u>The consent or objection of a party</u>: Plaintiff and his counsel, jointly, have objected to the Rule 22 Request. Defendant and her counsel have neither consented nor objected. Plaintiff bases his objection on his concern that his children's private and sensitive educational, psychoeducational, mental health and medical information could be publicized similar to other cases he has observed the Spectator publicize online.

(c) <u>Whether the recording will promote public access and openness to the judicial proceedings</u>: The Spectator is not a legitimate reporter, journalist or news media outlet promoting public access to courts. There has been no public interest in this case and there have no accounts of it in the media.

(e)  <u>The impact upon the administration of the Court</u>: The Court does not find that an uninterested spectator's recording of judicial proceedings will enhance or hamper the administration of the Court.

(h)  <u>Any special circumstances of the parties, alleged victims, or other participants such as the need to protect children or factors involving the safety of participants of in the judicial proceeding</u>: As stated above, this hearing will almost exclusively involve children's private and sensitive personal information. The Court has no interest in exposing the children's information to the public where it may be copied, republished, and potentially manipulated. The Court finds this potential harm outweighs a spectator's interest in recording legal proceedings.

(i)  <u>Any other factors affecting the administration of justice or which the Court may determine to be important under the circumstances of the case</u>: Based on the information presented to the Court, the Court finds the Spectator has targeted Plaintiff's lawyer as the subject of multiple Rule 22 Requests. He has contacted her personally requesting her homeowner's insurance information. The Court views his actions towards Plaintiff's lawyer to be harassing.

In considering the totality of the factors this Court is required to analyze, the Court finds that there is a substantial likelihood of harm that would arise from granting the Rule 22 Request.

(2)  <u>That the harm outweighs the benefit of recording to the public</u>. The Court finds the substantial likelihood of harm that could result to the parties and the children outweighs the request of an uninterested spectator to record the proceedings.

(3)  <u>The Court has considered more narrow restrictions on recording than a complete denial of the request</u>." While the Court could potentially limit the Spectator's rights to utilize, distribute and publish the recording, the Court finds that the entirety of this proceeding will involve

sensitive, private information of two (2) minor children. The Court could instruct Spectator to edit or remove any such information in utilizing the recording; however, such information comprises almost the entirety of the proceeding, rendering a recording worthless. The Court does not comprehend how instructing Spectator to edit such information from a recording would further the stated purpose of Rule 22. Further, this Court has concerns about how Spectator has utilized children's information in the past on his public platforms.    ✳ *HGB*

For the reasons set forth above, Spectator's Rule 22 Request is hereby DENIED.

SO ORDERED this 17th day of June, 2024.

HONORABLE G. GRANT BRANTLEY
Senior Judge, Cobb County Superior Court

*HGB ✳ The issue of attorney fees for Ms Leonard against Mr. McMaster is reserved for further order. HGB*

Lowe v. Lowe
Order Denying Rule 22 Request
CAFN: 23-1-05442
Page 5

CONNIE TAYLOR
S   C   COURT CLERK
COBB COUNTY, GEORGIA

FILED IN COURT

THIS _____ 6/17 _____ 2024

AT _____ 10:30 _____ A M

AJIANA DAILEY
DEPUTY CLERK

ID# 2024-0056578-CV
📧 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23105442**

APR 25, 2024 09:26 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JOHN LOWE, | FILED IN OFFICE<br>**6/17/2024**<br>CONNIE TAYLOR<br>CLERK OF SUPERIOR COURT<br>COBB COUNTY | Civil Action File No.: |
| Plaintiff, | | 20106072 |
| Vs. | | 23105442 |
| LAURA LOWE, | | |
| Defendant. | | |

June 17, 2024

Both case; This order filed in both cases is hereby ~~filed~~ set aside.

*Grant Brantley*

### ORDER

Non-Party Matthew D. McMaster having moved the presiding senior judge to record a proceeding pursuant Uniform Superior Court Rule (USCR) 22 in the above-styled case, and the presiding senior judge having reviewed the same and referred the matter to the undersigned as the judge of the case, and after considering the motions, the Court finds and orders as follows:

The matter shall be taken down by a certified court reporter provided by court administration. After which, Mr. McMaster may purchase copy of the transcript should he desire a copy of the hearing's record. As to the issue of Mr. McMaster's request to create his own recording of the proceeding, the Court finds that a transcript of the hearing is sufficient to ensure the public has access to a fair and open courtroom.

Despite this, in the interest of promoting increased public access to the courts and openness of judicial proceedings, and as neither parties nor witnesses objected to the request, the Court grants the request subject to the following limitation placed on the *use* of the recording.

Should Mr. McMaster or anyone who becomes in possession of the proceeding's audio share or publish the audio in a public forum, the audio or any form of media, shall be published

in full and not edited, cut, or altered except as directed under this order. This includes quotations or other excerpts, whether in printed text or in an audio/visual format. Any and all written excerpts of the proceeding shall be from the official court record (the certified court reporter's transcript). Further, the publication or sharing of the recording or any part thereof shall clearly state at the beginning and end of said transcript, or other published media, the following statement: "The content of the following/foregoing is not the official court transcript or record," The Court finds that this is the most effective means of promoting increased public access to the court and the openness of the judicial proceeding; while still ensuring that the public maintains access and reliance as to the official record conceived under the laws of the State of Georgia.

Additionally, the Court finds that should the recording be published or shared by Mr. McMaster or anyone else in possession of the recording, they shall not publish or share the recording in public or private without first redacting or otherwise cutting testimony, evidence, or other content from the proceeding that discusses, directly or indirectly, a minor child or the private medical or financial information of the parties or anyone else involved with the case.

Failure to adhere to the foregoing may result in penalties, including but not limited to, this court exercising its powers of contempt.

SO ORDERED, this _12_ day of April, 2024.

_____
G. GRANT BRANTLEY
Senior Judge, State of Georgia
Assisting in the Superior Court of Cobb County

G. GRANT BRANTLEY, SENIOR JUDGE
SUPERIOR COURTS OF GEORGIA
PRESIDING IN COBB JUDICIAL CIRCUIT

CONNIE TAYLOR
SUPERIOR COURT CLERK
COBB COUNTY, GEORGIA

FILED IN COURT
THIS _____ 4/12 20 24
AT _____ 09:50 A M

LISA MORGAN
DEPUTY CLERK

Lowe v. Lowe
Order
CAFN: 20106072 and 23105442

Page 2 of 2