# Exhibit J

Transcript Excerpt from June 2024 Hearing Where Plaintiff Was Deprived of Right to Review Katie Leonard's Proposed Order Against Plaintiff

JOHN LOWE vs.
LAURA LOWE

Before the Hon. G. Grant Brantley
June 17, 2024

Page 25

And I'm going to keep filing objections and I'm going to keep filing things against him until I can keep him out of my proceedings, so I can do my job.

I also want to mention, in case it wasn't clear, that this case involves very serious allegations about children; behavioral issues, DFCS being involved, police being involved on both sides, and we'll get into that. This -- one of these children has special needs. The children have -- their psychoeducational evaluations that are involved, behavioral issues that are involved. That is the crux of this entire hearing. So I don't know what kind of limitation would be appropriate when that's the entire hearing. What would be the purpose of him having a recording that he has to completely edit the entire thing if he's going to use it? So that's why I said I don't feel like there's any limiting restrictions that you can do. That's the entire hearing, so what's the point?

So, I'm asking you to deny it and I'm going to keep asking you to deny it until it happens.

MS. PELEROSE: And I do join in that request

Page 26

on behalf of my client.

THE COURT: I'll give you an opportunity to argue, if you wish to.

MS. PELEROSE: I absolutely did tell Ms. Leonard previously that my client had indicated she had not contacted him, I think it was over a year ago, and I think she forgot; but I haven't talked to her about it, but that was my understanding; but she does not want him in here. That's why we joined in this before her argument, before Mr. McMaster's testimony. We do not want these children's information posted on websites. I've now read them -- I just read the motion this morning, Judge. I did not see it last night. So, I didn't know she had even filed it until she said that she had this morning. So I pulled up my email and I've read through the motion. And my client is adamant, she does not want this Rule 22 to be granted.

Thank you, Judge.

MS. LEONARD: Just add I was incorrect when I said 25 minutes. It's now 10:20, which means Mr. McMaster has compromised an entire hour of these parties' litigation time with his incessant, frivolous requests.

Page 27

MS. PELEROSE: An hour and a half, almost.

MS. LEONARD: Hour and a half.

MS. PELEROSE: Uh-huh. We started at nine.

MS. LEONARD: Of time that we've lost pertaining to these children for his antics.

THE COURT: You submitted a proposed order?

MS. LEONARD: Yes, Your Honor.

THE COURT: Are you satisfied with it at this time?

MS. LEONARD: I am, Your Honor.

THE COURT: Do you have any objection to it?

MS. PELEROSE: I -- may I, Judge? I read the motion. I did not read the order. I apologize. May I do that?

THE COURT: I'll simply add that the Court is reserving the issue of attorney's fees --

MS. LEONARD: Thank you.

THE COURT: -- which was orally raised for further order.

MS. LEONARD: Thank you.

THE COURT: And if you can present me with any authority, I will consider it; if not, I won't.

MS. LEONARD: Okay.

MR. McMASTER: Your Honor, may I speak?

Page 28

THE COURT: About what?

MR. McMASTER: Um --

THE COURT: No. Have a seat, sir. You've used enough of this proceedings' time.

Deputy? Sorry. He has a seat.

MS. PELEROSE: Your Honor, I have no issue with the order.

THE COURT: This court previously entered an order allowing recordation in this case, pending case 20106072. I am setting aside the order in both of those cases. And I will enter the proposed order for Ms. Leonard with the information I just mentioned about reserving attorney's fees.

MS. LEONARD: Your Honor, if you would make a record that you read the order. He has an issue with people signing prewritten orders.

THE COURT: I read the order earlier this morning.

MS. LEONARD: Thank you, Your Honor.

And for the record, Ms. Pelerose had a chance to review it.

MS. PELEROSE: I did.

And I approve, Judge.

THE COURT: All right.

JOHN LOWE vs.
LAURA LOWE

Page 29

There is no recording of any sort allowed in the courtroom in these proceedings now or hereafter unless there's another order except that of the official court reporter.

Mr. McMaster, demonstrate to the law enforcement that your recording device is not working. Do it now.

MR. McMASTER: Your Honor, more importantly, I'm just going to leave. I don't want to be here. So --

THE COURT: You're leaving?

MR. McMASTER: I'm leaving, yes, sir.

THE COURT: All right.

Let the record reflect that this is an open courtroom and an open courthouse. There are at least seven people in the gallery, not counting Mr. McMaster, who is leaving. All right.

We'll take a recess. I don't expect to see him when I come back.

THE BAILIFF: Yes, sir.

THE COURT: All right.

This is going to be very short. I'm just checking on the in camera stuff, is what I'm doing.

Page 30

MS. LEONARD: Okay. That's fine.

(Whereupon, a short break was taken.)

* * * * *

Page 31

C E R T I F I C A T E

G E O R G I A:

I hereby certify that the foregoing transcript was taken down as stated in the caption and the excerpt of proceedings were reduced to typewriting under my direction and control.

I further certify that the transcript is a true and correct record of the evidence given at the said excerpt of proceedings.

I further certify that I am neither a relative or employee or attorney or counsel to any of the parties nor financially or otherwise interested in this matter.

This, the 27th day of June 2024.

_____

Karen D. Fuhs, RPR, CCR-2832