# Exhibit L

Robert Murray's Motion to Recuse the Entire Cobb County Superior Court Bench and Subsequent "Voluntary" Recusal Orders in 2024

ID#2024-0083992-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**

JUN 25, 2024 06:36 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

Robert Murray                }
      Plaintiff,           }
                       }
    vs.                     }      CAFN: 23104461
                       }
                       }
Vic Brown Hill, individually and    }
Hill MacDonald, LLC,          }
      Defendants.        }

## MOTION FOR RECUSAL OF THE ENTIRE BENCH OF COBB COUNTY SUPERIOR COURT

COMES NOW Plaintiff, Robert Murray ("Plaintiff"), and files this Motion for Recusal of the Entire Bench of Cobb County Superior Court, and supporting affidavit filed as Exhibit "A", [Affidavit of Mary Murray], requesting the recusal of all Cobb Judicial Circuit Judges from Murray v Vic Brown Hill, individually and Hill MacDonald LLC (CAFN: 23104461), showing this Court as follows:

### OVERVIEW

The matter of Murray v Vic Brown Hill, individually and Hill MacDonald LLC is a complaint for damages against Defendants. Claims include legal malpractice, breach of fiduciary duty, professional negligence, and breach of contract. Vic Brown Hill and other members of the Hill MacDonald law firm regularly practice before this Court. Further, Defendants have strong personal connections with many of the Cobb judiciary and other attorneys including opposing counsel in the underlying case, Murray v. Smith (CAFN: 191430656). The law firm, Freeman Mathis & Gary, LLP, representing Defendants also appears to have connections with the Cobb judiciary.

1

Furthermore, the underlying case, Murray v Smith, has been marked by numerous legal actions, allegations of judicial and attorney misconduct, and this instant case that includes a claim of attorney malpractice. Most recently, an attack on court watchdog activities has also come to the forefront.

The catalyst for this Motion to Recuse the entire bench of the Cobb County Superior Court is the threat made against Plaintiff's mother, Dr. Mary Murray, by Ms. Leonard, the wife of Superior Court Judge Robert Leonard, on June 17, 2024, as well as a pleading filed by Ms. Leonard and videos posted on the TikTok social media platform.  This threat underscores the interconnected issues that necessitate this motion.

## TIMING

Timing is proper pursuant Uniform Superior Court Rule ("USCR") 25.1 as grounds for disqualification of all Cobb Judicial Circuit Judges were made known to Plaintiff on Thursday, June 20, 2024 when Plaintiff returned from a work trip as a pilot for a commercial airline.

## RULE OF LAW

Pursuant to the Georgia Code of Judicial Conduct Rule 1.2(a), "Judges shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary." Rule 2.3(a) states, "Judges shall perform judicial duties without bias or prejudice." Rule 2.4(b) states, "Judges shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment." Rule 2.11(A) states "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned...." Rule 1.2 prohibits not only actual impropriety but also the appearance of impropriety. See Rule 1.2, Commentary [3] ("The prohibition against behaving

2

with impropriety or the appearance of impropriety applies to both the professional and personal conduct of a judge. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.").

## SUMMARY

On June 17, 2024, Plaintiff's mother, Dr. Mary Murray (hereinafter "Dr, Murray"), was present in the courtroom for a hearing in which she had filed a Rule 22 request. Mr. Matthew McMaster, a Georgia attorney, who had also submitted a Rule 22 request, was also present.

Dr. Murray serves on the Board of Equally Present, Inc., a non-profit organization that advocates for the full and equal involvement of both fit parents in a child's life. Their mission includes educating the public about the family court processes and performing court watchdog activities. As part of their efforts to ensure transparency and accountability in the judiciary, they offer to file Rule 22 requests during court hearings. These requests permit the recording of court proceedings, primarily aimed at enhancing transparency and public access to the judicial process, thereby maintaining the openness and fairness of court proceedings. It was in this role, as a neutral observer of an open courtroom proceeding, that Dr. Murray was in attendance in Courtroom 4200 on the morning of June 17, 2024.

Prior to June 17, 2024, neither Dr. Murray nor the Plaintiff had any knowledge of the parties or attorneys present at the hearing. Nor did the Plaintiff or Dr. Murray had any prior knowledge that Ms. Leonard was married to a Cobb County Superior Court judge, nor should this have had any relevance to any Rule 22 request. Yet, Ms. Leonard made this the central theme of her objection to the Rule 22, attacking Mr. McMaster focusing on his campaign for Superior Court judge when he ran against her husband.

3

Dr. Murray has documented the events of June 17, 2024, in the accompanying affidavit [Exhibit "A" Affidavit of Mary Murray dated June 24, 2024.] Although the court acknowledged Mr. McMaster's Rule 22 request, the court did not acknowledge Dr. Murray's Rule 22 request. Ms. Leonard objected to the Rule 22 request and asked to cross-examine Mr. McMaster.

During Ms. Leonard's cross-examination of Mr. McMaster, she made derogatory and unfounded claims including referencing Dr. Murray as a member of Mr. McMaster's 'Rule 22 Entourage.' In a pleading, "Objection to Notice of Rule 22 Request and Brief in Support Thereof," filed by Ms. Leonard at 11:33 am on June 17, 2024, in Lowe v Lowe (CAFN: 23-1-05442), Ms. Leonard labeled those who request Rule 22's as "'child custody conspiracy theorists' who harass members of the Bar and the Courts by recording judicial proceedings." This kind of attorney bullying underscores the need for public participation in court proceedings and constitutes inappropriate and targeted name-calling.

Later that morning, while Dr. Murray was sitting next to Mr. McMaster on a courthouse hallway bench, Ms. Leonard walked past and threatened her, stating she should "watch out who she associates with" [Exhibit "A" Affidavit of Mary Murray]. As the wife of a Superior Court Judge, Ms. Leonard was implicitly warning Dr. Murray that she has the ability to influence Cobb County Superior Court judges and potentially impact the outcomes of court cases. This suggestion raises serious concerns about judicial impartiality and certainly gives the appearance of impropriety.

On June 18, 2024, the day following, Ms. Leonard posted a series of four videos on the social media platform, TikTok:

> "Story Time – I am being Harassed by a Custody Crazy." Posted under TikTok account attykkl on June 18, 2024. URL: https://www.tiktok.com/@attykkl/video/7381861349493755182 [8:26 minutes].

"Story Time Part 2– I am being Harassed by a Custody Crazy." Posted under TikTok account attykkl on June 18, 2024. URL: https://www.tiktok.com/@attykkl/video/7381871776462081322 [8:50 minutes].

"Story Time Part 3– I am being Harassed by a Custody Crazy." Posted under TikTok account attykkl on June 18, 2024. URL: https://www.tiktok.com/@attykkl/video/7381876506240339243 [7:25 minutes].

"Part 4 – I am being Harassed by a Custody Crazy." Posted under TikTok account attykkl on June 18, 2024. URL: https://www.tiktok.com/@attykkl/video/7382000927412292910 [9:14 minutes].

Notwithstanding that the videos are disconcerting and disturbing, the first video in the series is of particular importance to this Motion to Recuse. Ms. Leonard states,

"So lawyers, you know, I think this is something that people don't understand. About lawyers and judges. Judges are lawyers, and so judges used to practice law, like with their friends and with the Bar.

And we have a community. And so in the community that you practice in, it's common for you to know and be friends with a judge.

But, you know, I don't know the ones that practice criminal law because they never. You know, I've never really come across them in, like a social setting or in like a work setting, but if they ever practiced family law like I knew them.

I think that the public thinks that there's like something like corrupt, about that. I don't really understand it.

But part of our job is to know judges and know what they're going to do because they decide our cases. So like if I know a judge has two kids and that judge shares 50/50, that's going to help me tell my client, hey, you know, this judge might be open to 5050 because they have 50/50 themselves.

Knowing things about judges helps us kind of gauge as far as settlement purposes like what might happen in court so that we can advise our clients. So, I feel like it's very important to know judges and I think most lawyers agree with that.

There's just some out there that are too socially incapable and frankly not good at their jobs. They want to call that corruption. So that's an important point for where I'm going."

5

According to the foregoing statements made by Ms. Leonard, it appears that judges in the Cobb County Superior Court rule based on personal bias and personal connections rather than adhering to the rule of law. This practice would benefit litigants who are represented by attorneys with whom the judge has a positive personal relationship. Conversely, litigants are at a disadvantage if they are represented by an attorney the judge disfavors or if they encounter a judge whose personal views are contrary to those of the litigant.

Furthermore, given Ms. Leonard's apparent hostility towards Mr. McMaster, any litigant associated with him appears to face immediate prejudice.

Under Ms. Leonard's stipulations, the outcome of a case is determined more by attorney relationships with judges than by the merits of the case itself. This further implies that judicial decisions are often made prior to the litigant's appearance in court.

In this instant case, it is evident that the Defendants and their attorneys are more capable of establishing personal relationships with the Cobb County judiciary than a self-represented litigant who is not affiliated with the legal community, either professionally or socially. According to Ms. Leonard's stipulations, this puts Plaintiff at a serious disadvantage. Plaintiff's job as a pilot does not require him to 'know judges' nor gives him the opportunity to find out what they [the judges] are going to do in advance of judicial decisions.

For example, there are pending motions in this case including a Motion to Dismiss filed by Defendants. Plaintiff's argument against Defendants' motion is based on Defendants' direct violation of Georgia statute and misrepresentation of case law. Reasonable minds could question whether the Defendants felt so confident in a ruling in their favor due to their personal connections with the judge that they comfortably and blatantly violated the law.

This issue is further complicated by campaign contributions made by the Defendants and

6

their law firm, Freeman Mathis & Gray, LLP to the judge presiding over this case while the case is pending. Given the insights provided by Ms. Leonard, these contributions could lead reasonable minds to conclude that Defendants and their counsel maintain personal relationships with members of the Cobb judiciary, thereby providing Defendants with an undue advantage.

Ms. Leonard, as the wife of a judge, adds another layer of concern. In today's media landscape, the influence of the actions of spouses of judicial figures is a matter of public perception, as illustrated by the examples of the wives of Supreme Court Justices Clarence Thomas and Samuel Alito. The public perceives that the actions of these spouses can influence their husbands' judicial decisions. A key distinction with this instant case, is that a Supreme Court justice is one of nine voting members on a case, whereas a single judge in the Cobb County Superior Court exercises significant discretion in judicial rulings.

Therefore, Ms. Leonard's words and actions must be taken seriously. To avoid any appearance of impropriety and to ensure fairness in the Plaintiff's case, it is essential that all judges of the Cobb County Superior Court bench recuse themselves.

## CONCLUSION

This is a complex situation involving multiple individuals within the Cobb County Superior Court judiciary. Emerging patterns indicate an interplay among members of the judiciary that directly affects matters related to the Plaintiff. Judges have a duty to uphold the independence, integrity, and impartiality of the judiciary and must avoid both impropriety and the appearance of impropriety in all their activities, as mandated by Canon 1 of the Georgia Code of Judicial Conduct. Additionally, judges are required to disqualify themselves from any proceeding in which their impartiality might reasonably be questioned (see Canon 2 of the

Georgia Code of Judicial Conduct; State v. Wakefield, 324 Ga. App. 587, 593(2)(b), 751 S.E.2d 199 (2013)).

The allegations of attorney misconduct in Murray v. Vic Brown Hill, individually, and Hill MacDonald LLC, are serious. Ms. Leonard's commentary on the Cobb judiciary implies that judicial decisions may be swayed by bias and personal connections rather than the rule of law. This has major implications in an attorney malpractice case as it undermines the integrity, impartiality, and competence required for any judge in the Cobb County Superior Court to fairly handle this case.  Plaintiff files this motion for even the appearance of impropriety negatively impacts public trust in the judiciary.

The Plaintiff has a constitutionally protected right to a fair and impartial judiciary. To ensure this right is upheld, the recusal of the entire bench of the Cobb County Superior Court is necessary.

Wherefore, Plaintiff Robert Murray prays:

(a) All Cobb County Superior Court Judges voluntarily recuse from this case, or in the alternative, pursuant to USCR 25, the Chief Judge of the Cobb Judicial Circuit issue a voluntary and immediate recusal of all Cobb Judicial Circuit Judges from this case;

(b) That the case be assigned to a Superior Court Judge outside the Cobb Judicial Circuit pursuant to Georgia statutes and Superior Court rules;

(c) For such other relief as this Court deems just, equitable, and proper.

Respectfully submitted this 25th day of June 2024.

/s/ Robert G. Murray

Robert G. Murray
3871 Wyntuck Court
Kennesaw, GA 30152
pilotRmurray@gmail.com

8

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

ROBERT MURRAY,

          Plaintiff,

v.

VIC BROWN HILL, individually and
HILL MACDONALD, LLC,

          Defendants.

CIVIL ACTION FILE
NO. 23104461

### CERTIFICATE OF SERVICE

Pursuant to the Georgia Rules of Civil Procedure, I hereby certify that I have this date submitted the foregoing Motion for Recusal of the Entire Bench of Cobb County Superior Court including an Exhibit of the Affidavit of Mary Murray to the Clerk of Court which will automatically send electronic mail notification of such filing to the following counsel of record:

> Jacob S. Madsen
> Dana K. Maine
> 100 Galleria Parkway, Suite 1600
> Atlanta, Georgia 30339-5948
> dmaine@fmglaw.com
> jsmadsen@fmglaw.com

This 25th day of June, 2024.

> /s/ Robert G. Murray
> Robert G. Murray
> 3871 Wyntuck Court
> Kennesaw, GA 30152
> pilotRmurray@gmail.com

Mailing Address:
5775 Cains Cove Road
Cumming, GA 30041

Cc:    Ryan Browne, Staff Attorney for the Honorable D. Victor Reynolds
       ryan.browne@cobbcounty.org

9

**EXHIBIT A**

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

Robert MURRAY,                          )
                                        )
        Plaintiff,                      )
                                        )   CAFN: 23104461
vs.                                     )
                                        )
VIC BROWN HILL, individually and        )
HILL MACDONALD, LLC,                    )
                                        )
        Defendants.                     )

---

## AFFIDAVIT OF MARY MURRAY

**PERSONALLY APPEARED** before the undersigned attesting officer authorized by law to administer oaths, Mary Murray, who after first being duly sworn, on oath deposes and says:

I.

I, Mary Murray, have personal knowledge of the facts and circumstances contained in this Affidavit. I notified Plaintiff of these facts on Thursday, June 20, 2024 when he returned from a work trip as an airline pilot.

2.

My name is Mary Murray and I am a citizen of the United States and a resident of Georgia. I am over the age of eighteen (18) and I am competent to testify to the facts in this affidavit. I am doing so freely and voluntarily and in the absence of any duress or legal impediment.

3.

I am filing this Affidavit in support of the Motion to Recuse the Entire Bench of the Cobb County Superior Court in this instant case, Civil Action File No. 23104461, Robert Murray vs.

Vic Brown Hill individually and Hill MacDonald, LLC, and in case, Civil Action File No. 19-1-4306-56, Robert Murray v Alice Smith.

4.

I am a Distinguished Professor of Information Systems with an international reputation for research in the areas of digital literacy and emerging technologies. I hold a Ph.D. in information systems and am a highly trained researcher. I have more than 40 years of experience and hold an extensive publication list of peer-reviewed scholarly publications. I hold the position of senior [officially called 'full'] professor at Kennesaw State University in the Department of Information Systems and Security housed in the Coles College of Business.

5.

I serve on the Board of Equally Present, Inc., a non-profit organization that advocates for the full and equal involvement of both fit parents in a child's life. Our mission includes educating the public about the family court processes and performing court watchdog activities. As part of our work, we offer to file Rule 22 requests. Rule 22 requests allow for the recording of court proceedings with the goal of enhancing transparency and public access to the judicial process. Specifically Rule 22 states "It is the policy of Georgia's courts to promote access to and understanding of court proceedings not only by the participants in them but also by the general public and by news media who will report on the proceedings to the public."

6.

I have submitted Rule 22 requests or have attended court hearings by request several times. In the Cobb County Superior Court, I have submitted Rule 22 requests at least 5 times at the request of various individuals.

2

7.

Mr. McMaster asked me if I would submit a Rule 22 request for a hearing to be held on June 17, 2024.

8.

Pursuant to Rule 22 rules, on Friday, June 14, 2024, I emailed a Rule 22 request to Mr. Brett Conway, Staff Attorney for Senior Judges, and Mr. Ryan Browne, Staff Attorney for Judge Vic Reynolds. The request was for a hearing to be held on Monday, June 17, 2024 at 9:30 am in Courtroom 4200 of the Cobb County Superior Court, CAFN: 23-1-05442. [See Exhibit "A"]

9.

I had no involvement, nor prior knowledge of the case being heard on June 17, 2024, nor did I know any parties or their attorneys. I simply attended the hearing as an independent and neutral observer in an open courtroom under a Rule 22 request.

10.

To this day, I have not been introduced to the parties or their attorneys. From the record, I can state that the attorney for the Plaintiff is Ms. Katie K. Leonard. The attorney for the Defendant is Ms. Debbie C. Pelerose. Presiding judge was Senior Judge G. Grant Brantley.

11.

On June 17, 2024, I arrived at the Courthouse at approximately 9:10 am. A proceeding had already commenced in Courtroom 4200. Unsure if it was related to the hearing I had requested to attend, I did not enter the courtroom at that time.

12.

I could see into the courtroom and at approximately 9:20 am, the Judge took a recess and stated that the hearing would commence shortly.

3

13.

Around this time Mr. McMaster arrived at the courthouse and we entered the courtroom together. It is typical that Rule 22 requestors sit near each other as the court usually asks the requests be "pooled" and recording made by one requestor.

14.

After the Judge reentered the courtroom, the attorney on the right side of the courtroom (attorney for the Defendant) motioned to the judge that there was a Rule 22 request.

15.

The Judge then addressed the Rule 22 request made by Mr. McMaster. The Judge did not acknowledge my request.

16.

I started to speak to announce to the Court that I had also filed a Rule 22 request, but the Judge looked at me, shook his head no, and turned to directly address Mr. McMaster. I remained silent.

17.

The Judge took Mr. McMaster's brief and left the courtroom, returning about 20 minutes later. The Judge indicated that there had been a Rule 22 order for a previous hearing in this case and was considering using that wording for this request. However, he stated that the attorney for the Plaintiff, Ms. Leonard, wanted to cross-examine Mr. McMaster.

18.

Mr. McMaster took the stand. Ms. Leonard started her cross-examination. I was taken aback with Ms. Leonard's cross-examination of Mr. McMaster. Her demeanor was hostile.

4

19.

During Ms. Leonard's cross-examination of Mr. McMaster, I learned she was married to a Cobb County Superior Court judge. I do not know this judge, nor have I had any contact with him or been in his courtroom.

20.

Much of Ms. Leonard's line of questioning was directed at attacking Mr. McMaster focusing on his campaign for a Cobb County Superior Court judgeship when he ran against her husband in the previous election cycle in 2022.

21.

Ms. Leonard referenced me at least three times during the hearing. She pointed directly at me and called me "Murray." She referred to me as a member of Mr. McMaster's "entourage" and claimed I followed him around in his Rule 22 requests because he represented "my case," a case Mr. McMaster referenced in his brief.

22.

Mr. McMaster referenced the case, Murray v. Smith, in his brief in support of Rule 22 recordings in child custody cases. In Murray v Smith, Cobb County Superior Court judges had allowed Rule 22's in the courtroom in a child custody case.

23.

I am affiliated with Murray v Smith, but I am not a party to the case. The Murray in Murray v Smith is my son. Mr. McMaster has not and does not represent any party in Murray v Smith.

5

24.

I do not follow Mr. McMaster around. My work on Rule 22's started long before I ever meet Mr. McMaster.

25.

After Mr. McMaster was released from the stand, the Judge announced he was granting Ms. Leonard's objection to the Rule 22.

26.

The Judge then asked Mr. McMaster to turn his device over to court personnel to ensure he was not recording. Mr. McMaster walked toward the court personnel but announced he would be leaving the courtroom. He returned to where he had been sitting near me to pick up his briefcase.

27.

I was about to ask Mr. McMaster if I should stand up and announce my Rule 22 request but the Judge stopped me from speaking and called for a short recess.

28.

The only way I can describe the environment in the courtroom towards Mr. McMaster, and indirectly towards myself, was hostile and threatening. The courtroom did not reflect the integrity and fairness that I was taught our judicial system is supposed to uphold. I felt unsafe in the courtroom. I left the courtroom with Mr. McMaster.

29.

After leaving the courtroom, Mr. McMaster and I sat on a bench in the hallway across from the men's restroom. As were sitting there, Ms. Leonard, her client and another woman who had been seated at the table in the courtroom with them, came around the corner. I caught Ms.

6

Leonard's eye. Ms. Leonard and I locked eyes until she had to look forward. At that point, she said to me, *you better watch out who you associate with*. I responded with, "Ma'am, I don't believe what you said is appropriate." She then repeated, *you better watch out*. Her client then turned around and went into the men's restroom, and the two women walked on towards the women's restroom.

30.

I considered returning to the courtroom to observe, but I did not trust the hostility I had observed would subside. Consequently, I decided to leave the courthouse.

Further, Affiant sayth naught.

This is the 24th day of June, 2024.

Printed Name:  Mary Murray

Sworn and subscribed before me

This ___24___ day of June, 2024.

Notary Public

My commission Expires __11/17/25__

7

**EXHIBIT A**

 **Gmail**

Meg Murray <drmegofis@gmail.com>

## Rule 22 Hearing Request - Monday June 17 9:30 am
1 message

**Meg Murray** <drmegofis@gmail.com>    Fri, Jun 14, 2024 at 6:10 AM
To: "Conway, Brett" <Brett.Conway@cobbcounty.org>, ryan.browne@cobbcounty.org

Mr. Conway and Mr. Browne,

Please see the attached Rule 22 request to record for the hearing on Monday, June 17, 2024 at 9:30 AM in the Lowe v Lowe, Case No. 23-1-05442. My understanding is that the hearing will be held in the Cobb County Superior Court Room 4200 commencing at 9:30 am.

Please let me know if this incorrect and provide me with the correct information. Also, please let me know if you are in need of any additional information

Thank you.

Sincerely,

Mary "Meg" Murray

--
Meg Murray, Ph.D.
Professor of Information Systems
Researcher of Digital Generativity
Board Member, Equally Present, Inc.

📄 **Rule 22_cr4200_Murray_23-1-05442_06-17-2024.pdf**
92K

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

JOHN LOWE,

Plaintiff,

v.

LAURA LOWE,

Defendant.

CIVIL ACTION

CAFN: 23-1-05442

## REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS.

Pursuant to Rule 22 of the Uniform Rules for Superior Court regarding Use of Electronic Devices in Courtrooms and Recording of Judicial Proceedings, the undersigned hereby requests permission to use a recording device in Courtroom 4200, Cobb County Superior Court, or other courtroom designated by the Court, in order to record audio during all of the proceedings in the above captioned case.

Consistent with the provisions of the rule, the undersigned desires to use the following described recording device(s): Mobile phone (iPhone), tablet or other recording device with video and audio recording software. The proceedings that the undersigned desires to record commence on June 17, 2024 at 9:30 AM. Subject to direction from the court regarding possible pooled coverage, the undersigned wishes to use this device in the courtroom on June 17, 2024. The personnel who will be responsible for the use of this recording device is:

Equally Present, Inc, (Mary G. Murray)
(Print Name)

The undersigned hereby certifies that the device to be used and the locations and operation of such device will be in conformity with Rule 22 and any guidelines issued by the court.

The undersigned understands and acknowledges that a violation of Rule 22 and any guidelines issued by the court may be grounds for removal or exclusion from the

Page 1 of 2

courtroom and a willful violation may subject the undersigned to penalties for contempt of court.

Respectfully submitted this __14th__ day of June, 2024.

Signed: /s/ Mary G. Murray

Print Name: Equally Present, Inc.

Mary G. Murray

Address:    3060 Olde Towne Parkway

Duluth, GA 30097

Phone:    770-722-6875

Email:    drmegofis@gmail.com

APPROVED and SO ORDERED this ____ day of _____ 2024.

_____

Judge, Superior Court
Cobb Judicial Circuit

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**

D. VICTOR REYNOLDS
AUG 27, 2024 02:39 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

ROBERT MURRAY,

      Plaintiff,

v.

VIC BROWN HILL, individually, and HILL
MACDONALD, LLC,

      Defendants.

CIVIL ACTION FILE NO.

23-1-04461-69

## SUA SPONTE ORDER OF RECUSAL AND TRANSFER

The Court hereby issues a voluntary and immediate recusal from matters pending in the above-styled action pursuant to the Georgia Code of Judicial Conduct Canon 2, Rule 2.11, and in compliance with Uniform Superior Court Rule 25. Canon 2, Rule 2.11(A) states that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

On June 25, 2024, Plaintiff filed his *Motion for Recusal of the Entire Bench of Cobb County Superior Court* ("Recusal Motion"). The basis for Plaintiff's Recusal Motion is an incident involving Plaintiff's mother and the attorney-spouse of another judge on the Cobb Superior Court bench, which occurred outside the courtroom following a hearing in which Plaintiff's Mother, along with Matthew McMaster, another attorney who practices in Cobb County, requested to record the hearing pursuant to Uniform Superior Court Rule 22. Before the Court was able to determine, pursuant to Uniform Superior Court Rule 25.3, the timeliness of the Recusal Motion, the legal sufficiency of the attached affidavit and whether recusal would be warranted assuming the facts alleged were true, Mr. McMaster filed a lawsuit in the Norther District of Georgia Federal Court against the undersigned judge and others. Mr. McMaster bases his lawsuit in part on the same hearing Plaintiff cites for his motion to recuse.

Based on the foregoing, in an effort to avoid any appearance of impropriety, the undersigned judge believes his recusal is appropriate. As such, a *sua sponte* recusal from the above-styled matter is hereby issued.

Because the Court believes that his recusal is appropriate in order to avoid any appearance of impropriety, the Court makes no finding or ruling on the timeliness of Plaintiff's motion, the legal sufficiency of the attached affidavit or whether recusal would be warranted assuming the alleged fact were true. Additionally, the Court notes that it has no authority to recuse the entire bench of the Superior Court of Cobb County as requested in Plaintiff's motion.

The Clerk of Superior Court for Cobb County is hereby ordered and directed to reassign, as expeditiously as possible, jurisdiction of this case pursuant to Uniform Superior Court Rule 25.7.

SO ORDERED, this 27th day of August, 2024.

D. Victor Reynolds, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing order (Civil Action File No. 23-1-04461-69) upon all parties electronically, via Peach Court, or through the Cobb County Mail System, addressed to the following:

Robert Murray, *pro se*
3871 Wyntuck Court
Kennesaw, GA 30152
pilotrmurray@gmail.com

Dana K. Maine, Esq.
Jacob S. Madsen, Esq.
Freeman Mathis & Gary, LLP
dmaine@fmglaw.com
jsmadsen@fmglaw.com

This __27__ day of __August__, 2024.

Amy Rushing
for Honorable D. Victor Reynolds, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

✤ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**

ANGELA Z. BROWN
OCT 31, 2024 02:53 PM

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

ROBERT MURRAY,                      )
     Plaintiff,                    )
                                   )
v.                                  )    **CIVIL ACTION FILE NO.:**
                                   )    **23-1-04461**
VIC BROWN HILL, individually,       )
and HILL MACDONALD, LLC,            )
                                   )
     Defendants.                   )
                                   )

### RECUSAL ORDER

The Complaint for Damages in the above case was filed on June 8, 2023. Upon review of the case, the Court makes the following findings and ORDERS as follows:

On June 25, 2024, Plaintiff filed his Motion for Recusal of the Entire Bench of Cobb County Superior Court. Judge Victor Reynolds subsequently recused himself, sua sponte, on August 27, 2024. This case was then signed to the undersigned judge. Subsequently, on October 28, 2024, Plaintiff filed his Renewed Motion for Recusal of the Entire Bench of the Cobb County Superior Court, or in the Alternative Recusal of the Honorable Angela Z. Brown. The basis for Plaintiff's Recusal Motion revolves around an incident involving Plaintiff's mother and the attorney-spouse of another judge on the Cobb Superior Court bench, which occurred outside the courtroom following a hearing in which Plaintiff's Mother, along with Matthew McMaster, another attorney who practices in Cobb County, requested to record a hearing pursuant to Uniform Superior Court Rule 22. Further, the record indicates that Mr. McMaster has filed a lawsuit in federal court in the Northern District of Georgia against Judge Reynolds and others.

Based on the foregoing, and pursuant to the Code of Judicial Conduct and Uniform Superior Court Rule 25.7, the Court finds that it is appropriate to recuse itself from presiding over the instant case.

The Court **ORDERS** that it be VOLUNTARILY RECUSED from the above case and **DIRECTS** the Clerk of the Court to re-assign the above case from Judge Angela Z. Brown to another Cobb County Superior Court Judge using the Cobb Judicial Circuit's random, impartial case assignment method. The Clerk is **FURTHER DIRECTED** to assign the next case in this category which would have been wheeled to the Judge receiving this re-assignment, to Judge Brown.

**SO ORDERED** this 31st day of October, 2024.

The Honorable Angela Z. Brown
Judge, Cobb County Superior Court
Cobb Judicial Circuit

## CERTIFICATE OF SERVICE

I certify that I have this day served the parties in the foregoing matter (Civil Action Case No. 24DR06683) with a copy of the RECUSAL ORDER via PeachCourt electronic service addressed as follows:

Robert Murray
pilotrmurray@gmail.com

Vic Brown Hill
vic@hillmac.com

Hill McDonald, LLC.
c/o Brad E. Macdonald, Registered Agent
329 Lawrence Street
Marietta, GA 30060

This 31st day of October, 2024.

Submitted by:

Iuero Obaseki
Staff Attorney to:
The Honorable Angela Z. Brown
Cobb County Superior Court

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**

ANGELA Z. BROWN
DEC 04, 2024 06:06 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ROBERT MURRAY,

    Plaintiff,

vs.

VIC BROWN HILL, individually,
and HILL MACDONALD, LLC.,

    Defendants.

Civil Action File No.:

23104461

## RECUSAL ORDER

Plaintiff, pursuant to Uniform Superior Court Rule (USCR) 25, moved to recuse the entire bench of the Superior Court of Cobb County. The case initially being assigned to the Honorable D. Victor Reynolds, was reassigned to the Honorable Angela Z. Brown after Judge Reynolds entered an order recusing himself from the case (attached). Judge Brown subsequently entered a similar order recusing herself on the same grounds (attached).

As the motion to recuse the entire Superior Court of Cobb County bench remains pending, the undersigned as the Chief Judge of the Cobb Judicial Circuit hereby and pursuant to Judicial Cannon 2.11 issues a **VOLUNTARY AND IMMEDIATE RECUSAL** of all Cobb County Superior Court Judges and former Cobb County Superior Court Judges who now preside as senior judges of the State of Georgia. **IT IS HEREBY ORDERED** that all such judges are **RECUSED** from any further proceedings in this case.

**IT IS FURTHER ORDERED** that, pursuant to USCR 25.4(C)(3), the 7th Judicial Administrative District Administrative Judge, the Honorable D. Scott Smith, shall select a judge outside the circuit to hear the motion.

SO ORDERED, this ___4th___ day of December, 2024. Nunc Pro Tunc to December 2, 2024.

_____
**A. GREGORY POOLE**
Chief Judge, Superior Court of Cobb County
Cobb Judicial Circuit

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the parties in the foregoing matter with a copy of the **RECUSAL ORDER** via PeachCourt electronic service and by depositing a copy of the same in the United States Mail in an envelope with adequate postage thereon, as follows:

### Via PeachCourt Electronic Service:

**Robert Murray**
pilotmurray@gmail.com

**Dana K. Maine,** Esquire
dmaine@fmglaw.com

**Jacob S. Madsen,** Esquire
jsmadsen@fmglaw.com

### Via First Class Mail, Return Service Requested:

**Robert Murray**
3871 Wyntuck Court
Kennesaw, Ga. 30152

This ___4th___ day of _____December_____, 2024.

Tracie Ingram
Judicial Administrative Specialist to:
A. Gregory Poole
Chief Judge, Superior Court
Cobb Judicial Circuit

FILED IN OFFICE
**7/24/2025 09:00AM**
CONNIE TAYLOR
CLERK OF SUPERIOR COURT
COBB COUNTY

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ROBERT MURRAY,

      Plaintiff,

v.

VIC BROWN HILL, individually and
HILL MACDONALD, LLC,

      Defendants.

Civil Action File No.
23-1-4461

CONNIE TAYLOR
SUPERIOR COURT CLERK
COBB COUNTY, GEORGIA

**FILED IN COURT**
THIS _____ 7/24 20 25
AT _____ 9:00 A.M.
CARESSE JACKSON
DEPUTY CLERK

**ORDER OF RECUSAL**

The above-styled matter was filed in Cobb County Superior Court on June 8, 2023. Following recusal orders filed by other judges within Cobb County Superior Court, the case was assigned to Judge Julie Adams Jacobs.

On July 23, 2025, Counsel for Plaintiff filed a *Complaint for Declaratory and Injunctive Relief* against a member of Judge Jacobs' staff in the Northern District of Georgia. Accordingly, the Court, *sua sponte*, issues a voluntary and immediate recusal from all issues pending in the above-styled matter pursuant to Canon 2 of the Code of Judicial Conduct and in compliance with Uniform Superior Court Rules 25.7 and 25.4.

The Cobb County Clerk of Superior Court is hereby ordered and directed to reassign the above-styled matter to another judge in the Superior Court of Cobb County under the procedure outlined in Uniform Superior Court Rules 25.4(C) and 25.7.

It is SO ORDERED this 24th day of July, 2025.

JULIE ADAMS JACOBS
Judge, Superior Court of Cobb County

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the parties in the foregoing matter with a copy

of the ORDER OF RECUSAL via PeachCourt electronic service and hand delivery as follows:

Matthew McMaster
mmcmaster@mcmasterlegal.com
Attorney for Plaintiff

Kevin R. Stone
Kevin.stone@fmglaw.com
Dana K. Maine
dmaine@fmglaw.com
Jacob Madsen
Jacob.madsen@fmglaw.com
Attorneys for Defendants

This 24th day of July, 2025.

Karen Walker
Judicial Administrative Assistant to Judge
Julie Adams Jacobs, Superior Court of Cobb
County

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**

**KIMBERLY A. CHILDS**
**AUG 14, 2025 03:22 PM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

ROBERT MURRAY,                              )
                                            )
    Petitioner/Plaintiff,                   )    Civil Action
                                            )    File No. 23104461
vs.                                         )
                                            )
VIC BROWN HILL, individually and HILL       )
MACDONALD, LLC,                             )
                                            )
    Respondents/Defendants.                 )

## ORDER OF VOLUNTARY RECUSAL

Pursuant to Uniform Superior Court Rule 25.7, the Court, *sua sponte*, hereby

**VOLUNTARILY RECUSES** itself from the above-captioned matter.

The Clerk of Court is **DIRECTED TO REASSIGN** this matter to another Superior Court

judge within the Cobb Judicial Circuit pursuant to Uniform Superior Court Rule 25.4(C).

SO ORDERED on August 14, 2025.

Kimberly A. Childs, Judge
Superior Court, Cobb Judicial Circuit

## CERTIFICATE OF SERVICE

This is to certify that the Court has served all counsel/parties in this matter with a copy of

this Order via PeachCourt electronic service and/or first class mail as follows:

Dana K. Maine
dmaine@fmglaw.com

Jacob S. Madsen
jsmadsen@fmglaw.com

Matthew D. McMaster
mdmcmaster@mcmasterlegal.com

Kevin R. Stone
kevin.stone@fmglaw.com

Christopher Harden, Esq.
chris@hardenlawfirm.com

Connie Taylor
Clerk of Superior Court
connie.taylor@cobbcounty.org

Libby Blackwell
Chief Deputy Clerk
libby.blackwell@cobbcounty.org

Christopher Hansard
Court Administrator
Christopher.Hansard@cobbcounty.gov

August 14, 2025.                    *Anna Foster*

2

⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**
ANN B. HARRIS
AUG 15, 2025 02:03 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ROBERT MURRAY, | * | |
| | * | **CAFN 23-1-4461** |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| VIC BROWN HILL, individually and | * | |
| HILL MACONALD, LLC, | * | |
| | * | |
| Defendant. | * | |

---

## ORDER OF VOLUNTARY RECUSAL

The above-styled case was assigned to this Court following the voluntary recusal of other judges on the Cobb Superior Court Bench. This Court previously entered an order of recusal in a related action in which the plaintiff in this matter was also a plaintiff in the related matter. Pursuant to Uniform Superior Court Rule 25.7 and Rule 2.11 of the Code of Judicial Conduct, the Court, *sua sponte*, hereby **voluntarily recuses** from the above-styled matter. The Clerk is **directed** to immediately re-assign this matter to a different judge.

SO ORDERED this 15th day of August, 2025.

_____
**Ann B. Harris, Judge**
**Cobb Superior Court**
**Cobb Judicial Circuit**

## CERTIFICATE OF SERVICE

This is to certify that I have delivered a copy of the foregoing via PeachCourt e-file sent to the following email addresses as follows:

Dana K. Maine
dmaine@fmglaw.com

Jacob S. Madsen
jsmadsen@fmglaw.com

Matthew D. McMaster
mdmcmaster@mcmasterlegal.com

Kevin R. Stone
kevin.stone@fmglaw.com

Christopher Harden, Esq.
chris@hardenlawfirm.com

Connie Taylor
Clerk of Superior Court
connie.taylor@cobbcounty.gov

Libby Blackwell
Chief Deputy Clerk
libby.blackwell@cobbcounty.gov

Christopher Hansard
Court Administrator
Christopher.Hansard@cobbcounty.gov

This 15th day of August, 2025.

Tammy Birchell, Judicial Administrative Specialist
Katie Waters, Judicial Administration Specialist
Cynthia L. Patton, Judicial Staff Attorney
to The Honorable Ann B. Harris
Chief Judge, Cobb Superior Court
Cobb Judicial Circuit

FILED IN OFFICE
**8/15/2025 12:00PM**
CONNIE TAYLOR
CLERK OF SUPERIOR COURT
COBB COUNTY

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ROBERT MURRAY,

      Plaintiff,

vs.

VIC BROWN HILL, individually and
HILL MACDONALD, LLC,

      Defendant.

**CIVIL ACTION FILE**

**NO. 23-1-04461**

---

### ORDER OF VOLUNTARY RECUSAL

The Court hereby **VOLUNTARILY RECUSES** from the above case and **DIRECTS** the Clerk of the Court to immediately re-assign it to another judge.

**SO ORDERED**, this 15 day of August, 2025.

ROBERT D. LEONARD II
Judge, Cobb County Superior Court
Cobb Judicial Circuit

FILED IN COURT

THIS 8|15 20 25
AT 12:00 P M
K. Mills
CONNIE TAYLOR
SUPERIOR COURT CLERK
COBB COUNTY, GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**

**A. GREGORY POOLE**
AUG 19, 2025 03:06 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

## IN THE SUPERIOR COURT OF COBB COUNTY

## STATE OF GEORGIA

ROBERT MURRAY,                              )
                                            )
      Plaintiff,                            )
                                            )
v.                                          )            CIVIL ACTION FILE
                                            )            NO. 23104461
VIC BROWN HILL, individually and            )
HILL MACDONALD, LLC,                        )
                                            )
      Defendants.                           )
                                            )

## RECUSAL ORDER

Following an Order of Voluntary Recusal entered by Judge Robert D. Leonard, II, the above-styled case was assigned to the undersigned on August 15, 2025, via the Clerk of Court's reassignment system. Pursuant to Canon 2 of the Code of Judicial Conduct and in accordance with Uniform Superior Court Rule 25.7, the Court hereby voluntarily **RECUSES** itself in the above-styled matter. The Clerk of Superior Court is directed to reassign this case.

**SO ORDERED**, this ___19___ day of August, 2025.

A. GREGORY POOLE
Judge, Superior Court
Cobb Judicial Circuit

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the parties in the foregoing matter with a copy of the **ORDER** via PeachCourt electronic service and email as follows:

**Dana K. Maine**
Dmaine@fmglaw.com

**Jacob S. Madsen**
jsmadsen@fmglaw.com

**Matthew D. McMaster**
mdmcmaster@mcmasterlegal.com

**Kevin R. Stone**
Kevin.stone@fmglaw.com

**Christopher Harden**, Esq.
chris@hardenlawfirm.com

**Connie Taylor**
Clerk of Superior Court
Connie.taylor@cobbcounty.gov

**Libby Blackwell**
**Chief Deputy Clerk**
Libby.blackwell@cobbcounty.gov

**Christopher Hansard**
**Court Adminstrator**
Christopher.hansard@cobbcounty.gov

This  19  day of  August , 2025.

Christine S. Bishop

Christine S. Bishop
Judicial Administrative Specialist to:
A. Gregory Poole
Judge, Superior Court
Cobb Judicial Circuit

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
. COBB COUNTY, GEORGIA

**23104461**
**JASON D. MARBUTT**
AUG 25, 2025 12:21 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT MURRAY,<br>**Plaintiff,** | )<br>)<br>) | **Civil Action File No.:**<br>**23-1-04461** |
| v. | )<br>) | |
| VIC BROWN HILL, individually and<br>HILL MACDONALD,<br>**Defendants.** | )<br>)<br>)<br>) | |

### ORDER OF RECUSAL

The above-styled case came before this Court pursuant to the Recusal Order issued by Judge Kellie S. Hill on August 22, 2025. The Clerk notified the instant judge of the new assignment at approximately 4:29 on Friday, August 22, 2025. A review of the record shows a tortured trail of case assignments dating back to when the case was originally filed June 8, 2023.

For various reasons, the case has gone through no less than nine Superior Court Judges – Judge Harris (recused 6/16/2023 and again 8/15/2025), Judge Reynolds (recused 8/27/2024), Judge A. Brown (recused 10/31/2024), Judge Jacobs (recused 7/24/2025), Judge Childs (recused 8/14/2025), Judge Leonard (recused 8/15/2025), Judge Poole (recused 8/19/2025), Judge Hill (recused 8/22/2025), and Judge Marbutt (recusing in this order).

On December 2, 2024, then Chief Judge Poole issued an order appointing Senior Judge Emerson to rule on a Motion for Full Bench Recusal. Judge Emerson denied full bench recusal in an order filed January 3, 2025. However, Judge Jacobs, during the time she was presiding over the case, vacated Judge Emerson's order on April 28, 2025. She then recused the day she set for pending motions. A string of voluntary recusals has since followed, as detailed above.

At this point, the only two Cobb Superior Court Judges who have not had this case randomly assigned to them by the Clerk are Judge Thompson and Judge S. Brown. If ever there was a case where a full bench recusal seems appropriate, it would seem this is the case. A recusal does not speak to the merits of an action, and a voluntary recusal

is not a badge of dishonor to a judge. A recusal avoids the appearance of bias, even where none may exist. All litigants deserve a tribunal free from the <u>appearance</u> of bias.

For all of these reasons, and in consideration of Uniform Superior Court Rule 25.7 and Code of Judicial Conduct Rule 2.11, the Court hereby *sua sponte* issues a voluntary and immediate recusal from issues pending in the above-styled case. The Clerk is directed to reassign this matter to a different judge.

SO ORDERED, this 25th day of August, 2025.

_____
Jason D. Marbutt
Superior Court Judge
Cobb Judicial Circuit

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of: Order of Recusal in case 23-1-4461 ( ) Personal Service, ( x) Statutory Electronic Service, () Interoffice Mail or ( ) by placing a copy in the United States mail in a properly addressed envelope with adequate postage thereon to:

Dana K. Maine
dmaine@fmglaw.com

Jacob S. Madsen
jsmadsen@fmglaw.com

Matthew D. McMaster
mdmcmaster@mcmasterlegal.com

Kevin R. Stone
Kevin.stone@fmglaw.com

Christopher Harden
Chris@hardenlawfirm.com

Connie Taylor
Connie.taylor@cobbcounty.gov

Libby Blackwell
Libby.blackwell@cobbcounty.gov

Christopher Hansard
Christopher.hansard@cobbcounty.gov

This the 25th day of August, 2025.

Brian Phillips
Judicial Administrative Assistant to
The Honorable Jason D. Marbutt
Judge, Cobb Judicial Circuit

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**23104461**
HENRY R. THOMPSON
SEP 03, 2025 11:31 AM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

ROBERT MURRAY,          *       CASE NO. 23-10-4461
Plaintiff
v.                      *

VIC BROWN HILL, individually, *
and HILL MACDONALD,
Defendants              *

### ORDER OF RECUSAL

The Georgia Code of Judicial Conduct Rule 2.11(A) requires that "judges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned." Accordingly, this Court hereby recuses itself from the above-styled case.

So ordered this 3rd day of September, 2025.

Henry R. Thompson
Judge, Superior Court
Cobb Judicial Circuit