# Exhibit P

Excerpt from Plaintiff's Petition(s) for Writ of Certiorari Notifying the Georgia Supreme Court of Plaintiff's Rights to Relief Under 42 U.S.C. § 1983

S25C0858 and S25C0859. The Court of Appeals and this Court have disestablished themselves as adequate remedies for Petitioner and, in turn, The People of Georgia under like circumstances. **"For evil to flourish, all that is needed is for good people to do nothing."**[1] The Questions Presented above come before this Court as symptoms of much bigger issues. More directly put, what happened in the trial court and was affirmed by the Georgia Court of Appeals in this case is the result of blatant retaliation which, **but for relief from this Court**, establishes a prima facie case for prospective relief under 42 U.S.C. § 1983 by the United States federal district courts from the rath of certain lower court judges. 42 U.S.C. § 1983 is "not only an expression of the importance of protecting federal rights from infringement by the states but also, where necessary, the desire to place the national government between the state and its citizens." *Younger v. Harris*, 401 U.S. 37, 63 (1971) (Citation omitted). The Supreme Court of Georgia is the last stop for Petitioner, and he files

---

[1] This quote is often credited to Edmund Burke, though the original source has not been reliably confirmed. *See* https://quoteinvestigator.com/2010/12/04/good-men-do/

Derrick Jackson's rights, under both federal and Georgia State law—not by mistake but, rather, as a result of unconstitutional motives. Lurking beneath the surface of the lower courts' rulings in this case are multiple recusal motions against multiple judges, including a petition for writ of mandamus against the entire bench of the Superior Court of Fulton County. *See* S24C1324 and S25C0012. The $116,147.23 sanction against Petitioner and his client is not supported by the law nor the record in this case. In fact, it took a *sua sponte* rationale that contradicted the federal Bankruptcy code and the ignoring of the rules of evidence by the trial court judge to reach the results of this case, and the Court of Appeals has since disestablished itself as a lawful remedy for Petitioner and, in turn, The People of Georgia under like circumstances. **<u>"For evil to flourish, all that is needed is for good people to do nothing."</u>**[2] The Questions Presented above come before this Court as symptoms of a much bigger issue. More directly put, what happened in the trial court and was affirmed by the Georgia Court of Appeals in this case

---

[2] This quote is often credited to Edmund Burke, though the original source has not been reliably confirmed. *See* https://quoteinvestigator.com/2010/12/04/good-men-do/

is the result of blatant retaliation which, **but for relief from this Court**, establishes a prima facie case for prospective relief under 42 U.S.C. § 1983 by the United States federal district courts from the rath of certain lower court judges. 42 U.S.C. § 1983 is "not only an expression of the importance of protecting federal rights from infringement by the states but also, where necessary, the desire to place the national government between the state and its citizens." *Younger v. Harris*, 401 U.S. 37, 63 (1971) (Citation omitted). The Supreme Court of Georgia is the last stop for Petitioner, and he files this Petition for Writ of Certiorari with the deepest desire that the State of Georgia can handle its own affairs without federal intervention—though hope is rapidly dwindling.

## A. The decision by the Court of Appeals contradicts the federal Bankruptcy Code.

The Court of Appeals cannot affirm a trial court's judgment that rests on an "erroneous legal theory." *Gwinnett County* at 655. Federal law does not allow a lease to terminate based on the filing of a Bankruptcy action regardless of the terms of the written lease. Under 11 U.S.C § 365(e)(1), "[n]otwithstanding a provision in an

7