# Exhibit Q

Excerpt from Plaintiff's Motion for Reconsideration filed on the Georgia Court of Appeals Notifying the Court of Plaintiff's Right to Seek Relief Under 42 U.S.C. § 1983

IN THE COURT OF APPEALS
STATE OF GEORGIA

DERRICK JACKSON,                          :

    Appellant,                            :    CASE NO.  A25A0121

v.                                        :

PARAMOUNT PROPERTIES                      :
MANAGEMENT GROUP LLC,                     :

    Appellee.                             :

---

## APPELLANT'S MOTION FOR RECONSIDERATION

---

Appellant, MATTHEW D. MCMASTER, in the above-styled case files this Appellant's Motion for Reconsideration ("Motion") pursuant to Rule 37(b) requesting that this Court reconsider its Rule 36 affirmance without opinion entered on May 29, 2025. Without waiver of any arguments previously made in his Appellant's Brief or Appellant's Reply Brief, as amended where appropriate, Appellant shows this Court as follows.

1

## I.   **RELATED APPEALS**

Other appeals related to this one include Case Nos. <u>A24A1687</u>, <u>A24A1688</u>,

<u>A24AD0229</u>, <u>A24AD0230</u>, <u>A24A0653</u>, <u>A24A0624</u> and <u>A24A0114</u>.[1]

## II.   **GROUNDS FOR RECONSIDERATION**

"A reconsideration shall be granted on motion only when it appears that

the Court overlooked a material fact in the record, a statute, or a decision which

is controlling as authority and which would require a different judgment from

that rendered, or has erroneously construed or misapplied a provision of law or a

controlling authority." Rule 37(e).

---

[1] It should be noted that this Motion serves a secondary purpose of notifying this Court that this Court of Appeals has disestablished itself as an adequate remedy for Appellant. This case, along with the other related cases outlined in Section I of this Motion, brings to light the severe loopholes that enable the lower court judicial officers to retaliate against litigants and their attorneys for protecting their rights to petition for a fair and impartial forum and decision-maker and, more specifically, for filing recusal motions and mandamus petitions. Neither the facts nor the law support the outcomes of these cases dispensed of by this Court with the abuse of Court of Appeals Rule 36. This case is the result of blatant retaliation and establishes a prima facie case for prospective relief under 42 U.S.C. § 1983 by the United States district courts and the Eleventh Circuit. 42 U.S.C. § 1983 is "not only an expression of the importance of protecting federal rights from infringement by the states but also, where necessary, the desire to place the national government between the state and its citizens." *Younger v. Harris*, 401 U.S. 37, 63 (1971) (Citation omitted).

## 1. The Court Overlooked the Lack of a Landlord-Tenant Relationship Barring Remedies Under O.C.G.A. § 44-7-50 et seq.

The trial court erred in granting Appellee, a property management agent, remedies under O.C.G.A. § 44-7-50 et seq., including a writ of possession and release of registry funds, despite no landlord-tenant relationship existing between Appellant and Appellee. (A24A0624: V2-91, V6-220-221). O.C.G.A. § 44-7-2(b)(4) prohibits assigning landlord rights and duties, rendering Appellee ineligible to pursue dispossessory remedies. The record confirms that Arthur M. McCracken and Julie McCracken, not Appellee, are the property owners and Appellant's landlords. *See* O.C.G.A § 44-7-1; (A24A0624: V2-91). This Court should reconsider its ruling, as Appellee's lack of standing is a matter of law requiring reversal. *See Thomas v. Wells Fargo Credit Corp.*, 200 Ga.App. 592, 409 S.E.2d 71 (1991).

## 2. The Court Overlooked Due Process Violations in the Trial Court's December 21, 2022 Order.

The trial court issued its Order for Immediate Writ of Possession on December 21, 2022, less than 24 hours after Appellee's motion, without a hearing or evidence, violating Appellant's due process rights under the Georgia Constitution, Article I, Section I, Paragraph I. (A24A0624: V5-253-316, V6-6-9). The Consent Order of April 25, 2022, required an evidentiary hearing to determine the landlord-tenant relationship and registry payments, which never occurred.

(A24A0624: V2-13-14). This Court should reconsider, as the absence of notice and hearing caused harm and prejudice, warranting reversal. *See Sanchez v. Walker County Dep't of Family & Children Servs.*, 237 Ga. 406 (1976).

### 3. The Court Misapplied the Landlord-Tenant Relationship Between Appellant and the McCrackens.

The trial court erroneously ruled that a landlord-tenant relationship existed between Appellant and the McCrackens, ignoring Appellant's status as a vendee under a Purchase and Sale Agreement (A24A0624: V2-122-129, V7-162). Appellant's $100,000 payment for an option to purchase on May 18, 2020, transformed the relationship into vendor-vendee, as held in *Siarah Atlanta Hwy, LLC v. New Era Ventures, LLC*, 350 Ga. App. 59, 64 (2019). This Court should reconsider, as dispossessory proceedings under O.C.G.A. § 44-7-50 et seq. are inapplicable to a vendee in possession.

### 4. The Court Overlooked the Improper Contempt and Arrest Order.

The trial court's October 2, 2023 Order, finding Appellant in contempt and issuing an arrest warrant for nonpayment into the court registry, exceeded its authority under O.C.G.A. § 44-7-54, which does not provide contempt as a remedy. (A24A0624: V8-185-187; Appellant's Brief, pp. 21-22). Moreover, Appellant paid $190,264.52 into the registry, exceeding the $180,000 due for 2022 rent, rendering the contempt order mathematically erroneous. (A24A0624: V6-172-173, V7-162-

4

166). This Court should reconsider, as the contempt order violates statutory limits and due process.

### 5. The Court Erred in Upholding the Denial of Appellant's Motions to Recuse Judge Leftridge.

The trial court improperly denied Appellant's three motions to recuse Judge Melynee Leftridge, despite timely filings and legally sufficient affidavits under USCR 25.2 and 25.3. (A24A0624: V6-17-54, V6-68-84, V6-148-164). The affidavits alleged specific facts demonstrating Judge Leftridge's lack of impartiality, warranting reassignment to another judge. *See Mayor & Alderman of Savannah v. Batson-Cook Co.*, 291 Ga. 114, 119-121 (2012). This Court should reconsider and remand for reassignment of the recusal motions.

## III.    CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court grant this Motion for Reconsideration, reverse the trial court's orders of December 21, 2022, September 26, 2023, and October 2, 2023, vacate the writ of possession and contempt order, and remand the case for further proceedings, including reassignment of the recusal motions, to restore the parties to their status quo as of December 20, 2022.

Respectfully submitted this 8th day of June 2025.

This submission does not exceed the word count

limit imposed by Rule 24.

/s/_____ Matthew D. McMaster_____

Matthew D. McMaster, Esq.
*Attorney for Appellant*
Georgia Bar No.  218044

MATTHEW D. MCMASTER, LLC
12 Powder Springs Street, Suite 250
Marietta, Georgia 30064
Phone: (800) 890-3981
Fax    : (800) 890-3981
mdmcmaster@mcmasterleagl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a true and correct copy of

the within and foregoing Appellant's Motion for Reconsideration by depositing a

copy of same in the United States Mail, in an envelope to Appellee's attorney(s)

with sufficient postage affixed to assure delivery, addressed as follows:

**Juan Patino and Robert Kaufman**
CHALMERS, ADAMS, BACKER & KAUFMAN, LLC
11770 Haynes Bridge Road
#205-219
Alpharetta, GA 30009-1968

This 8th day of June, 2025.

/s/_____    Matthew D. McMaster_____
Matthew D. McMaster, Esq.
*Attorney for Appellant*
Georgia Bar No. 218044

Matthew D. McMaster, LLC
12 Powder Springs Street
Suite 250
Marietta, Georgia 30064
Phone:    (800) 890-3981
Fax:    (800) 890-3981
mdmcmaster@mcmasterlegal.com