# Exhibit R

Plaintiff's Petition to United States Supreme Court Regarding Senior Judge Adele Grubbs's $116k Sanction Against Plaintiff that Violated the Federal Bankruptcy Code

No. 25-503

## IN THE

# Supreme Court of the United States

FILED

SEP 08 2025

OFFICE OF THE CLERK
SUPREME COURT, U.S.

ORIGINAL

MATTHEW D. MCMASTER,

*Petitioner,*

v.

ARTHUR MCCRACKEN, and
JULIE MCCRACKEN,

*Respondents.*

**On Petition for a Writ of Certiorari
to the Supreme Court of Georgia**

**PETITION FOR A WRIT OF CERTIORARI**

Matthew D. McMaster
Petitioner, Pro Se
Georgia Bar No. 218044*

12 Powder Springs St., Suite 230
Marietta, GA 30064
(800) 890-3981
mdmcmaster@mcmasterlegal.com

*Not admitted in the District of Columbia; Petitioner files this
Petition pro se acting on his own behalf.

RECEIVED

SEP 12 2025

OFFICE OF THE CLERK
SUPREME COURT, U.S.

i

## QUESTIONS PRESENTED

1. Whether the Bankruptcy Clause of the United States Constitution and 11 U.S.C. § 365(e)(1) preempt a state court ruling that a residential lease and option to purchase are automatically terminated solely upon the filing of a bankruptcy petition.

2. Whether a state trial court may sanction a litigant and his attorney for relying on the federal Bankruptcy Code's prohibition against termination of leases based on a bankruptcy filing.

ii

## LIST OF PARTIES

Petitioner is Matthew D. McMaster, who was petitioner in the Supreme Court of Georgia, Case No. S25C0859, and was counsel for Derrick Jackson, who was the plaintiff in the underlying trial court case.

Respondents are Arthur McCracken and Julie McCracken, who were the defendants in the underlying trial court case and were Respondents in the Supreme Court of Georgia, Case No. S25C0859. Judgment entered June 10, 2025.

## RELATED PROCEEDINGS

*Derrick Jackson v. Arthur McCracken, Julie McCracken Bank of America, N.A., Internal Revenue Service, All The World, Julie McCracken*, Case No. 2023CV375542, Fulton County Superior Court, State of Georgia. Judgment entered December 27, 2023.

*Derrick Jackson v. Arthur McCracken et al.*, Court of Appeals of the State of Georgia, Case No. A24A1687. Motion for reconsideration denied on February 27, 2025.

*Matthew D. McMaster v. Arthur McCracken et al.*, Court of Appeals of the State of Georgia, Case No. A24A1688. Motion for reconsideration denied on February 27, 2025.

iii

*Derrick Jackson v. Arthur McCracken et al.*, Supreme Court of the State of Georgia, Case No. S25C0858. Judgment entered June 10, 2025.

iv

## TABLE OF CONTENTS

QUESTIONS PRESENTED...................................i

LIST OF PARTIES...............................................ii

RELATED PROCEEDINGS................................ii

TABLE OF AUTHORITIES................................vi

OPINIONS BELOW............................................1

JURISDICTION..................................................1

RELEVANT CONSTITUTIONAL AND
STATUTORY PROVISIONS................................1

STATEMENT OF THE CASE..............................2

REASONS FOR GRANTING THE PETITION.........3

    A. The state court ruling conflicts with
    federal bankruptcy law and the
    Supremacy Clause.............................3

    B. Sanctioning reliance on the Bankruptcy
    Code chills constitutional rights and
    undermines federal uniformity............4

    C. This case presents an ideal vehicle for
    resolving an important and recurring
    federal
    question...............................................5

v

CONCLUSION......................................................5

Appendix A.....................................................1a

Appendix B...................................................14a

Appendix C...................................................16a

vi

## TABLE OF AUTHORITIES

**Cases**

*Butner v. United States*, 440 U.S. 48 (1979)

*FCC v. NextWave Personal Communications Inc.*, 537 U.S. 293 (2003)

*Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. ___, 139 S. Ct. 1652 (2019)

*NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984)

*Perez v. Campbell*, 402 U.S. 637 (1971)

*Gwinnett County v. Davis*, 268 Ga. 653, 492 S.E.2d 523 (1997)

## Constitutional Provisions

U.S. Const. art. I, § 8, cl. 4

## Statutes

11 U.S.C. § 365(e)(1)
28 U.S.C. § 1257(a)
O.C.G.A. § 9-15-14

1

## PETITION FOR A WRIT OF CERIORARI

Mattew D. McMaster respectfully petitions for a writ of certiorari to review the judgment of the Supreme Court of Georgia.

## OPINIONS BELOW

Supreme Court of Georgia denied Petitioner's petition for writ of certiorari, Case No. S25C0859, on June 10, 2025. The Court of Appeals of Georgia affirmed the trial court's sanction order in an unpublished opinion, *Matthew D. McMaster* v. *Arthur McCracken et al.*, No. A24A1688 (Ga. Ct. App. 2024) on February 6, 2025. The Superior Court of Fulton County's sanction order was entered on December 27, 2023. All are reproduced in the Appendices.

## JURISDICTION

The Supreme Court of Georgia entered judgment on June 10, 2025. This Court has jurisdiction under 28 U.S.C. § 1257(a) and the judgment rests on questions of federal law concerning a Bankruptcy Clause in a lease and the Bankruptcy Code.

## RELEVANT CONSTITUTIONAL AND STATUTORY PROVISIONS

U.S. Const. art. I, § 8, cl. 4: Congress shall have Power "[t]o establish ... uniform Laws on the subject of Bankruptcies throughout the United States."

2

11 U.S.C. § 365(e)(1): "[N]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified ... solely because of ... the commencement of a case under this title."

## STATEMENT OF THE CASE

In May 2020, lower-court plaintiff, Derrick Jackson, entered into a Lease for Residential Property with Respondents, along with a Purchase and Sale Agreement granting him an option to purchase the property for $1.8 million. Jackson paid $100,000 in consideration for the option and spent more than $400,000 maintaining and improving the home.

In 2022, disputes over possession led Respondents' property manager to initiate dispossessory proceedings. Believing he was not a tenant who could be evicted, Jackson sought protection in federal bankruptcy court. The bankruptcy filing invoked the automatic stay and, under federal law, preserved Jackson's rights in the lease and option to purchase.

However, the Fulton County Superior Court, acting *sua sponte*, ruled that "the filing of a Petition for Bankruptcy automatically terminated the Lease and the Option to Purchase," and used this as a basis to declare that Jackson and his attorney "knew" Jackson had no interest in the property. The court imposed sanctions of $116,147.23 under O.C.G.A. § 9-15-14.

3

Neither party advanced this theory; the trial court created it independently based on general contract law. In doing so, the court directly contravened 11 U.S.C. § 365(e)(1), which prohibits termination of leases upon a bankruptcy filing.

The Georgia Court of Appeals affirmed in an unpublished decision and the Supreme Court of Georgia denied Petitioner's petition for writ of certiorari.

## REASONS FOR GRANTING THE PETITION

### A. The state court ruling conflicts with federal bankruptcy law and the supremacy clause.

The Constitution entrusts Congress with the exclusive power to establish "uniform Laws on the subject of Bankruptcies." U.S. Const. art. I, § 8, cl. 4. This Court has long recognized the importance of uniformity. In *Butner v. United States*, 440 U.S. 48 (1979), the Court stressed that "uniform treatment of property interests ... serves to reduce uncertainty, discourage forum shopping, and prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy." *Id.* at 55.

The decision below does the opposite. By holding that bankruptcy "automatically terminated" Jackson's lease, the state court nullified § 365(e)(1), which Congress enacted to prevent ipso facto terminations. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528–29 (1984) (section 365 prevents

4

forfeiture of executory contracts and preserves value for the estate).

This is not a matter of mistaken application of law but a flat rejection of federal law. State courts cannot override the Bankruptcy Code. *Perez v. Campbell*, 402 U.S. 637, 652 (1971) (state law invalid if it "frustrates the full effectiveness of federal bankruptcy law").

**B. Sanctioning a person's reliance on the Bankruptcy Code chills constitutional rights and undermines uniformity.**

The trial court compounded its error by sanctioning Petitioner and his client for relying on federal protections. It found that Jackson and his attorney "knew" the lease was terminated by bankruptcy and sanctioned them over $116,147.23.

This sanction punishes reliance on Congress's statute, directly conflicting with the Supremacy Clause. In *FCC v. NextWave Personal Communications Inc.*, 537 U.S. 293, 300–01 (2003), this Court held that government actions inconsistent with the Bankruptcy Code must yield, even when framed as sanctions or enforcement.

Sanctions of this kind chill advocacy, deter attorneys from invoking bankruptcy protections, and undermine uniformity in the national bankruptcy system. As this Court explained in *Mission Product Holdings v. Tempnology*, 139 S. Ct. 1652, 1661 (2019), § 365 preserves contract rights and prevents

5

forfeiture upon bankruptcy. Here, the state court imposed penalties precisely for asserting those rights.

### C. This case presents an ideal vehicle for resolving an important and recurring federal question.

The issue is clean and outcome-determinative. The sanctions order is expressly based on the trial court's view that bankruptcy terminates leases. The Georgia Court of Appeals affirmed without alternative grounds.

Residential leases and options to purchase are common subjects in bankruptcy proceedings. If state courts can disregard § 365(e)(1), debtors across the country lose uniform protections Congress guaranteed. This case provides the Court a straightforward opportunity to reaffirm federal supremacy in bankruptcy law.

## CONCLUSION

For the foregoing reasons, the petition for a writ of certiorari should be granted.

6

Respectfully submitted,

/s/

Matthew D. McMaster
Petitioner, *Pro Se*
12 Powder Springs Street
Suite 230
Marietta, GA 30064
Phone: (770) 362-6490
Fax: mdmcmaster@mcmasterlegal.com