**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:25-CV-6726-JPB |
| | ) | |
| GEORGE G. BRANTLEY, | ) | |
| CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, THE HONORABLE GEORGE G. BRANTLEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF**

Come now Defendant The Honorable George G. Brantley (hereinafter "Defendant" or "Judge Brantley"), by and through counsel, Christopher M. Carr, Attorney General for the State of Georgia, and submits this memorandum of law in support of his Motion to Dismiss Plaintiff Matthew McMaster's (hereinafter "Plaintiff" or "McMaster") Complaint for Declaratory Relief (Doc. 1) (hereinafter the "Complaint") for lack of subject matter jurisdiction, absolute judicial immunity, and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff files the instant action as yet another attempt at "judge shopping" within the superior courts of Cobb County, Georgia.[1] This Court should reject Plaintiff's further attempt to do so.

Preceding this case, Plaintiff has brought two separate, yet factually related cases with respect to the allegations herein: (1) *McMaster v. Veal, et al.*, Civil Action No. 1:24-cv-03436-JPB; and (2) *McMaster v. Karli Smith a/k/a Karli Fried*, Civil Action No. 1:25-cv-04077-JPB. With respect to the first, this Court recently issued a Dismissal at Doc. 85, while Plaintiff voluntarily dismissed the second matter at Doc. 29 of their respective dockets.

In filing this action, Plaintiff seeks to perpetuate an unsubstantiated narrative of extreme civil rights violations in the name of declaratory relief against Cobb County Superior Court Senior Judge Brantley, whom he previously voluntarily dismissed in *McMaster v. Veal, et al.*, Civil Action No. 1:24-cv-03436-JPB at Doc. 52 therein. Mr. McMaster asserts nearly identical allegations herein as he made in *McMaster v. Veal*. *Compare* Doc. 1 *with* Doc. 82-2, *McMaster v. Veal*. Responding

---

[1] Preceding this case, Plaintiff has brought two separate, yet factually related cases with respect to the allegations herein: (1) *McMaster v. Veal, et al.*, Civil Action No. 1:24-cv-03436-JPB; and (2) *McMaster v. Karli Smith a/k/a Karli Fried*, Civil Action No. 1:25-cv-04077-JPB. With respect to the first, this Court recently issued a Dismissal at Doc. 85, while Plaintiff voluntarily dismissed the second matter at Doc. 29 of their respective dockets.

directly to Doc. 82-2, which this Complaint most closely resembles, this Court denied Plaintiff's motion to supplement his Complaint, reasoning that he "include[d] facts about former defendants that he previously dismissed from this case." *McMaster v. Veal*, et al., Civil Action No. 1:24-cv-03436-JPB at 15, Doc. 85

Plaintiff now brings the instant action as an attempt to recuse Judge Brantley from his underlying case, claiming his continuing to preside over that case violates his Fourteenth and First Amendment rights. Doc. 1 at ¶ a-c, "Prayers for Relief." However, the Complaint must be dismissed, primarily for failure to state a claim. The Complaint remains replete with conclusory, unsubstantiated allegations, which not only fail to meet the jurisdictional bar of this Court, but also fail to state a claim for relief to be granted. This Court should decline to grant Plaintiff the extraordinary relief he seeks herein.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff McMaster is a licensed attorney in the State of Georgia but appears *pro se* in this action. (Doc. 1, ¶ 2). Defendant Judge Brantley is a Senior Superior Court Judge in Cobb County, along with Defendant Christopher Hansard, who is the "Cobb County Superior Court Administrator". (*Id.* at ¶ 3). Judge Brantley has been duly elected or appointed to sit on the Cobb County Superior Court Bench, in accordance with O.C.G.A. § 15-6-4.1, *et seq.*

At its crux, Plaintiff's claims that Judge Brantley jointly plotted with other Cobb judges for him to be improperly appointed to Plaintiff's underlying case, through either a recusal themselves or otherwise colluding to somehow circumvent the established recusal procedures. (Doc. 1 at ¶¶ 29-35). Although Plaintiff claims that "[**t]his is not a dispute about the administration of a single case**[,]" the Complaint's remaining claims remain speculative and conclusory, jumping around among minor confrontations that Plaintiff allegedly experienced to support his theories. Plaintiff further claims that Judge Brantley somehow violated his First Amendment rights when he allegedly "displayed hostility toward plaintiff". (*Id.* at ¶ 17). Plaintiff also alleges he was the victim of retaliation for his publicly protected speech. [2]

Plaintiff essentially alleges a scheme of governmental corruption, by contending there is no "existence of a neutral adjudicator at the state level." (*Murray v. Brantley, et al.* at Doc. 19 at ¶ 40). Compare this language from a related action with the Complaint, wherein Plaintiff asserts "Younger abstention inapplicable where the state process is structurally biased or incapable of neutral adjudication." (Doc 1. At ¶ 49). Plaintiff asserts in Count I that Judge Brantley's appointment alone has violated his Fourteenth Amendment's guarantee of a fair and impartial tribunal.

---

[2] This is yet another allegation this Court has already addressed in its Order in *McMaster v. Veal* at 13, Doc. 85. (Doc. 1 at ¶¶ 20-28).

(*Id.* at ¶¶ 66-79). In Count II, McMaster alleges that such appointment was an act of retaliation for his public criticisms of Judge Brantley, as well as other related suits against him. (*Id*. at ¶¶ 80-84). The allegations of deep state conspiracy continue in Counts III and IV, as Plaintiff asserts both defendants have somehow manufactured this Court's abstention through "jurisdictional manipulation for the express purpose of shielding their retaliatory conduct ..." (*Id.* at ¶ 91). The Complaint is wrapped in a bow in Count IV, as it combines the allegations as set forth above, again mimicking how such "retaliation" violates both his First and Fourteenth Amendment rights. (*Id.* at ¶¶ 95-103).

Overall, Plaintiff's Complaint is premised upon the core assertion that the December 4, 2024, Recusal Order issued by Judge A. Gregory Poole, (Doc. 1-12 at 29-30), remains valid and was never vacated. (Doc. 1 at ¶¶ 31). Articulated more clearly in other related suits, Plaintiff claims that this December 4, 2024, Recusal Order required recusal of "all Cobb County Superior Court judges and former Cobb County Superior Court judges serving as senior judges." (*Id.*; *see also Murray v. Brantley, et al*., Doc. 1 at ¶¶ 29, 52, 54, Doc. 19 at ¶ 23). Accordingly, Plaintiff contends Judge Brantley's recusal via this December 4, 2024, Order was permanent

and permanently binding, outside of just the purposes of determining whether recusal was necessary. (*Id.*).[3]

Accordingly, Plaintiff prays blanketly for declaratory relief seeking that this Court issue numerous declarations respecting his First and Fourteenth Amendment Rights. (Doc. 1 at ¶¶ a-g, Prayers for Relief).

Plaintiff filed the instant Complaint on November 24, 2025, though did not attempt service until his request for a waiver of service via email on January 5, 2026. The instant Motion to Dismiss is therefore timely filed.

## ARGUMENT AND CITATION TO AUTHORITY

## I. LEGAL STANDARDS

### A. STANDARD FOR MOTION TO DISMISS: RULE 12(B)(1)

Subject-matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95, 118 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377(1994) (alteration added).

---

[3] Even with these allegations, Plaintiff also references at ¶ 31 a subsequent August 25, 2025, Order from Judge Jason D. Marbutt that effectively finds Judge Julie Adams Jacobs had previously "vacated" such December 4, 2024, Order. (Doc. 1-12 at 40-43). Judge Jacobs' preceding Order of April 28, 2025, notes that "Plaintiff plainly withdrew his motions to recuse, even filing a subsequent *Notice of No Pending Recusal Motions…*". Ex. A at 3.

It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *Mcnutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case[.]" *Smith v. Gte. Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted).

## B. STANDARD FOR MOTION TO DISMISS: RULE 12(B)(6)

A Rule 12(b)(6) motion requires an assessment of whether the plaintiff has set forth claims upon which a court may grant relief. In considering a party's motion to dismiss, the court accepts the non-movant's allegations as true and construes the complaint in the non-movant's favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (holding that courts are to "eliminate any allegations in the complaint that are merely legal conclusions.").

Additionally, "unwarranted deductions of fact in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. The Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotations omitted). A court is to make reasonable inferences in the plaintiff's favor, but it is not required to draw the plaintiff's inferences. *Sinaltrainal*, 578 F.3d at 1260; *see also Amer. Dental Assoc.*, 605 F.3d at 1290 ("[c]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." (quoting *Iqbal*, 556 U.S. at 682)). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal*, 578 F.3d at 1260. A complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations; however, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.*

Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft*, 556 U.S. at 678 (2009).

## II. PLAINTIFF HAS NO STANDING TO BRING THIS ACTION; THEREFORE, THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION.

Article III of the U.S. Constitution limits this Court's jurisdiction to "actual 'cases' or 'controversies.'" *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995) (citing *Flast v. Cohen*, 392 U.S. 83, 94-96 (1968)). "As the party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating that [he has] standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "To have a case or controversy, a litigant must establish that he [or she] has standing, which must exist throughout all stages of litigation." *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) (citation and internal quotation omitted). To establish standing, the litigant must show: (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Indeed, "[s]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek, (for example, injunctive relief and damages)." *TransUnion LLC*, 594 U.S. at 431. As will be demonstrated below, at no point has Plaintiff alleged any injury to him traceable to Judge Brantley that can be remedied by this Court.

To satisfy the requirement of injury in fact, there must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or

imminent, not conjectural or hypothetical." *Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1336 (11th Cir. 2019). The United States Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020) (quoting *Spokeo v. Robins*, 578 U.S. 330, 341 (2016)). Further, generalized fear that malicious activity might occur is not sufficiently concrete to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). A plaintiff may not rely on vague hypothetical future events to constitute an "injury in fact." *Id.* In other words, Plaintiff cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not impending. *See Pennsylvania v. New Jersey,* 426 U.S. 660, 664 (1976) (*per curiam*).

To establish an injury in fact, "shotgun pleadings" make such difficult to do, of which the Eleventh Circuit has well-established are disfavored. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). The Court in *Weiland* separated shotgun pleadings into four types, the first two relevant here it described as (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" and (2) "a complaint that … [is] replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-1322.

The next element of standing is causation, for which a plaintiff's injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations adopted) (internal quotation marks omitted). Throughout Plaintiff's Complaint, Judge Brantley's alleged actions are so remote and/or potentially remote that any causative factor in an injury to Plaintiff would be near impossible to determine.

Finally, an injury is redressable when "a decision in a plaintiff's favor would significantly increase the likelihood that [he] would obtain relief." *Lewis v. Gov. of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (*en banc*) (internal citations omitted). "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision' of the court." *Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1116 (11th Cir. 2022).

Here, Plaintiff's core claim of injury is premised upon the December 4, 2024, Recusal Order within the underlying case. (Doc. 1 at ¶ 31, addressing Doc. 1-12 at 29-30)). Specifically, Plaintiff asserts that this December 4, 2024, Recusal Order, remains valid and was never vacated. *Id.* However, Judge Julie Adams Jacobs

effectively found such to be vacated within her Order of April 28, 2025, expressly noting that Plaintiff had withdrawn all previous recusal motions. Ex. A at 3.

Looking prospectively, Plaintiff is not entitled to any permanent declaratory relief based upon a broad assertion that Judge Brantley is purportedly corrupt and incapable of issuing impartial judgments against Plaintiff. Likewise, Plaintiff alleges that after 11 plus judges had presided over his case at one point, Judge Brantley conspired have himself appointed as an act of retaliation. (Doc. 1 at ¶¶ 80-84). This claim is purely "conjectural or hypothetical," bolstered by no supporting allegations, hoping to manufacture yet another recusal based upon Plaintiff's own calculated acts. *Aaron Private Clinic Mgmt. LLC*, 912 F.3d at 1336. Plaintiff's Complaint fits squarely within the *Weiland* Court's description of the first two types of shotgun pleadings it details above. *Weiland* at 1321-1322. Plaintiff asks the Court to speculate across an amalgamation of five different exhibits, some of which are exhibits within exhibits, to grasp for the alleged concept that Judge Brantley jointly conspired against him. Similar to *Weiland*, the Complaint (1) contains multiple counts where each count adopts the allegations of all preceding counts and (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

Chiefly, because the December 4, 2024, Recusal Order (Doc. 12-1 at 29-30) was duly vacated per Judge Jacobs Order (Ex. A), Plaintiff's claims are not redressable by a federal court of law, thus mandating dismissal.

## III. PLAINTIFF'S CLAIMS AGAINST JUDGE BRANTLEY ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE.

Although Plaintiff attempts to cloak his claims as constitutional challenges against Judge Brantley as brought under 42 U.S.C. § 1983, this case amounts to nothing more than a scheme to end-run *Rooker-Feldman's* jurisdictional bar by seeking relief that would result in a de-facto reversal of his underlying case's judgments. Plaintiff's constitutional challenges are inextricably intertwined with his underlying case, thus his case falls within *Rooker-Feldman's* jurisdictional bar, despite his claims that it does not. (Doc. 1 at ¶ 61).

The *Rooker-Feldman* doctrine recognizes that "appellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively" in the Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 283 (2005); *see generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia v. Feldman*, 460 U.S. 462 (1983). In essence, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. State*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Exxon Mobile Corp.*, 544 U.S. at 284). The

Eleventh Circuit has explained that "because federal review of state court decisions is entrusted solely to the Supreme Court, [the lower federal courts] may not decide federal issues that are raised in state proceedings and inextricably intertwined with the state court's judgment." *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988) (quotations and citation omitted).

Although it has been limited in its application, the *Rooker-Feldman* doctrine plainly bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment . . . based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp.*, 544 U.S. at 287 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). "[A] claim that at its heart challenges the state court decision itself – and not the statute or law which underlies that decision – falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) (quotation marks omitted).

Here, Plaintiff's claims against Judge Brantley are barred by the *Rooker-Feldman* doctrine because, at heart, they challenge the state court denials of his motions to recuse for which he was interested and particularly Judge Poole's December 4, 2024, Order. (Doc. 1-12 at 29-30). A claim for relief is "inextricably intertwined" if it would "effectively nullify" the state court judgment, or if it

"succeeds only to the extent the state court wrongly decided the issues. *Exxon Mobil Corp.* 544 U.S. at 284. On its face, Plaintiff's Complaint asks this Court to review and reject Judge Jacobs' subsequent order finding Plaintiff had withdrawn any pending recusal motions, effectively vacating Judge Poole's December 4, 2024, Order. Following the above authorities, any issue Plaintiff had with the denial of his motions to recuse or validity of the December 4, 2024, Order could have been raised, and *should* have been raised, within his state court proceeding, not in this collateral, federal action. Raising these issues now is improper under *Rooker-Feldman* and causes this Court to lack jurisdiction, thus requiring dismissal.

Relevant to this issue, Plaintiff has or had the adequate remedy of appealing any of the above alleged "injuries" to the Georgia Court of Appeals in due course. Should this Court interfere at this juncture, it would "effectively nullify" the prior rulings of the numerous Cobb judges who have presided. *Exxon Mobil Corp.* 544 U.S. at 284. For these reasons, Plaintiff's Complaint fails and must be dismissed.

## IV. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION UNDER *YOUNGER V. HARRIS*.

Federal courts ordinarily abstain from adjudicating cases where state proceedings are pending. *See Younger v. Harris,* 401 U.S. 31 (1971). The *Younger* doctrine has been interpreted as "preventing federal courts from being the grand overseers of state courts and court-like administration." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004). In turn, abstention is proper where a federal

injunction would (1) create an undue interference with state proceedings and (2) where the state proceedings at issue involve orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*

Here, although Plaintiff avers that the *Younger* abstention does not bar this action, he seeks declaratory and injunctive relief against Judge Brantley, specifically stemming from his underlying case. (Doc. 1 at ¶ ¶ 35, 49, 51, 93, 101). Granting relief in this case would unduly interfere with said state proceedings and impinge on a Georgia court's judicial function. The Court should therefore abstain from exercising jurisdiction in this case.

## V. PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF.

The Federal Declaratory Judgement Act ("Act"), 28 U.S.C. § 2201, *et seq.*, states, in part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Act is "is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (2005). Although the Act "empowers federal courts to declare rights, it imposes no duty to do so." *Gold-Fogel v. Fogel*, 16 F.4th 790, 797 (11th Cir. 2021).

Further, the Act is not an independent basis for federal court jurisdiction. *See FEC v. Reform Party of the United States*, 479 F.3d 1302, n. 5 (11th Cir. 1989); *Wendy's Int'l., Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989); *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Rather, before declaratory relief is available pursuant to 28 U.S.C. § 2201(a), an independent basis for federal jurisdiction must be established. *Id.* Chief among these is the requirement of Article III standing. *Wendy's Int'l., Inc.*, 868 F.2d at 435. Moreover, "[i]n order to receive declaratory … relief, [a] plaintiff[ ] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Notably, "[a] state appellate process is an adequate remedy at law." *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam). *See also Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020).

Plaintiff's Complaint asserts generally claims for deprivation of due process, Fourteenth Amendment rights, and First Amendment retaliation, broadly seeking declaratory relief against Judge Brantley. (Doc. 1 at ¶¶ 95-103). However, this Court should decline to exercise its discretion to provide declaratory relief in the instant matter. Per *Bolin*, as Plaintiff's allegations require such extreme speculation, he cannot establish either a federal violation, nor a risk of continuing irreparable injury. *Bolin* 225 F.3d at 1242. Plaintiff's assertion regarding the adequacy of his

state appellate process is that such is inadequate, simply because he claims the entire Cobb bench is biased. *See* Doc. 1 at ¶ 49. Such a generalized, sweeping claim is insufficient to establish the absence of an adequate remedy.

Further, an independent basis for federal jurisdiction has not been alleged, nor can be established herein. As previously articulated, this Court lacks subject matter jurisdiction due to the absence of Article III standing against Defendants, as well as specifically against Judge Brantley, per the *Rooker-Feldman* doctrine.

In sum, Plaintiff's allegations fail to state claims for the alleged constitutional violations in his Complaint. There is no risk of continuing irreparable injury if the relief is not granted. He further possesses an adequate remedy at law – a state appellate process respecting his underlying matter. As such, Plaintiff's request for declaratory relief fails.

## VI. <u>PLAINTIFF CANNOT OBTAIN INJUNCTIVE RELIEF BECAUSE HE FAILS TO ALLEGE THE NECESSARY ELEMENTS OF 42 U.S.C. § 1983 AND BECAUSE THERE WAS AN ADEQUATE REMEDY AT LAW.</u>

To the extent Plaintiff seeks injunctive relief directly against Judge Brantley, he is barred by the text of 42 U.S.C. § 1983 and because there was an adequate remedy at law. Accordingly, Plaintiff's claims to the extent that they seek injunctive relief against these Defendants should be dismissed.

Under *Pulliam v. Allen*, state judges do not have absolute immunity from claims for injunctive and declaratory relief in a section 1983 action. *Pulliam*, 466 U.S. 522, 536 (1984). However, the reach of *Pulliam* is limited by the amended language of section 1983. As amended after *Pulliam*, Plaintiff cannot seek injunctive relief for "judicial" acts under section 1983 unless "a declaratory decree was violated or declaratory relief was unavailable." *See Cichowski v. Totten*, 2024 U.S. App. LEXIS 11720; 42 U.S.C. § 1983 (stating "injunctive relief" is not available "for an act or omission taken in such officer's judicial capacity . . ."). Here, under the text of section 1983, Plaintiff cannot obtain injunctive relief against Judge Brantley because no declaratory decree was violated. Plaintiff further fails to establish that declaratory relief was unavailable. Though he alleges that Judge Brantley's appointment alone is a violation of Judge Poole's prior order, Judge Poole's order was not a "declaratory decree" in the context of *Pulliam*. Accordingly, Plaintiff's request for injunctive relief fails on multiple grounds, requiring dismissal of the Complaint.

## VII. PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

Plaintiff fails to state a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action for damages against every person who, acting under color of state law, deprives another of "rights, privileges, or immunities, secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not

itself a source of substantive rights," and instead provides a "method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n.3 (1979)). When a court considers a section 1983 claim, it must first identify the specific right allegedly infringed and then determine the validity of the claim "by reference to the specific constitutional standard which governs that right." *Albright*, 510 U.S. at 271; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Here, Plaintiff has failed to plead facts that would associate Judge Brantley with any asserted constitutional violation. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1321-1322 (11th Cir. 2008) (*citing Pamel Corp. v. Puerto Rico Hwy. Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (stating that the complaint must "state with some minimal particularity how overt acts of the defendant(s) caused a legal wrong.")). There are no facts pled – rather, only conclusory allegations – indicating how Plaintiff's constitutional rights were allegedly infringed upon. Plaintiff's claims against Judge Brantley amount to "unadorned, the-defendants-unlawfully harmed-accusation" consisting of "'naked assertion[s]' devoid of 'further factual enhancement'" insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

To illustrate, Plaintiff alleges a deprivation of his right to an impartial tribunal. (Doc. 1 at ¶ 78). This allegation is premised upon first, an allegedly defective

December 4, 2024, recusal order, and second, an alleged act of retaliation for Plaintiff having filed motions for recusal. Doc. 1 at ¶¶ 80-84. First, as shown, the December 4, 2024, Recusal Order was subsequently vacated via Judge Jacobs' finding that any previous recusal motions had been withdrawn. Second, the filing of a motion for recusal would not provide any reasonable judge a motive to retaliate, nor serve as a default method for Plaintiff to successfully "Judge Shop." Further, Georgia case law expressly provides that suing a judge does not necessary disqualify said judge. *Rice v. Cannon*, 283 Ga. App. 438, 443 (2007). Indeed, "[f]rivolous suits against sitting judges cannot be used by litigants to delay the administration of justice and to judge shop." *Baptiste v. State*, 229 Ga. App. 691, 697 (1997). Plaintiff's allegations that Judge Brantley has continued to improperly preside over his case do not state a claim for relief.

For these reasons, this Court should dismiss the Complaint.

## VIII. <u>THESE ALLEGATIONS ARE BARRED DUE TO RES JUDICATA.</u>

Because Plaintiff voluntarily dismissed Judge Brantley from his initial action containing the same allegations, he may not get a second bite at the apple through initiating the instant suit.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877); *Lawlor v. Nat'l Screen Service Corp.*, 349 U.S. 322,

326 (1955)." *Montana v. United States*, 440 U.S. 147, 153 (1979). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153-154.

As shown above, this matter is one of four nearly identical cases, three of which brought by Plaintiff himself. The first was *McMaster v. Veal et al.*, Civil Action No. 1:24-cv-03436-JPB, wherein Plaintiff *voluntarily dismissed* Judge Brantley at Doc. 52 therein, later receiving a dismissal from this Court based upon these exact allegations. Now, however, he pleads that this Court allow him to effectively relitigate these claims because he filed such dismissal "believing [Judge Brantley] no longer had the ability or opportunity to target Plaintiff." (Doc. 1 at 86).

Because Plaintiff willingly dismissed Judge Brantley from his earlier suit arising from the same cause of action and claims included, this matter must be dismissed for purposes of *res judicata*.

## IX. **<u>JUDGE BRANTLEY IS OTHERWISE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.</u>**

"Judges are immune from liability in civil actions for acts performed in their judicial capacity." *Griffin v. City of Brunswick*, 2005 U.S. Dist. LEXIS 34922, at *10 (S.D. Ga. Nov. 30, 2005). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Additionally, judicial "immunity generally extends to claims for declaratory and injunctive relief." *Makere v. Early*, 2023 U.S. App. LEXIS 28750, at *9 (11th Cir. Oct. 30, 2023). Judicial immunity applies even when a judge's acts are in error, malicious, or in excess of his jurisdiction. *Id.* Judicial immunity can only be overcome if an action is nonjudicial or, while judicial in nature, taken in complete absence of jurisdiction. *See Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008).

In the present matter, Judge Brantley is entitled to absolute judicial immunity. In Georgia "[t]he superior courts shall have jurisdiction in all cases, except as otherwise provided in the Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; and in divorce cases." Ga. Const. art. VI, § 4, ¶ I. In presiding over cases in Cobb County Superior Court, Judge Brantley acts within his jurisdiction and judicial capacity as a Senior Judge. There are no allegations that he engaged in nonjudicial conduct or lacked jurisdiction to act within his scope as judge. Thus, Judge Brantley is entitled to absolute judicial immunity, and all claims against him should be dismissed with prejudice.

## **CONCLUSION**

For these reasons, this Court should dismiss Plaintiff's Complaint in its entirety and enter judgment against Plaintiff, in favor of Judge Brantley.

Respectfully submitted this 4th day of March, 2026.

CHRISTOPHER M. CARR 112505
Attorney General

BRYAN K. WEBB 743580
Deputy Attorney General

KATHERINE P. STOFF 536807
Senior Assistant Attorney General

KRISTEN L. SETTLEMIRE 919430
Senior Assistant Attorney General

*/s/ G. Keith Pridgen*
G. KEITH PRIDGEN, JR. 960417
Assistant Attorney General

*Attorneys for Judge Brantley*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:25-CV-6726-JPB |
| | ) | |
| GEORGE G. BRANTLEY,<br>CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and memorandum of law have been prepared using Times New Roman, 14-point font.

*/s/Keith Pridgen*
G. KEITH PRIDGEN, JR.
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:25-CV-6726-JPB |
| | ) | |
| GEORGE G. BRANTLEY, | ) | |
| CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Honorable George G. Brantley's Motion to Dismiss and Memorandum of Law in Support thereof using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys or *pro se* parties of record:

Matthew D. McMaster, Pro Se Plaintiff
12 Powder Springs Street, Suite 230
Marietta, Georgia 30064
mdmcmaster@mcmasterlegal.com

I hereby certify that if applicable I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Matthew D. McMaster, Pro Se Plaintiff
12 Powder Springs Street, Suite 230
Marietta, Georgia 30064
mdmcmaster@mcmasterlegal.com

This 4th day of March, 2026.

*/s/ Keith Pridgen*
G. KEITH PRIDGEN, JR.
Assistant Attorney General

Ga. Bar No. 960417
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3603
kpridgen@law.ga.gov