**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:25-CV-6726-JPB |
| | ) | |
| GEORGE G. BRANTLEY, | ) | |
| CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANT THE HONORABLE G. GRANT BRANTLEY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE, OR IN THE ALTERNATIVE, RENEWED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Comes now Defendant, The Honorable G. Grant Brantley (hereinafter "Defendant" or "Judge Brantley"), by and through counsel, Christopher M. Carr, Attorney General for the State of Georgia, and submits this memorandum of law in support of his Motion to Strike Plaintiff Matthew McMaster's (hereinafter "Plaintiff" or "McMaster") Amended Complaint for Declaratory and Injunctive Relief (hereinafter "Amended Complaint") (Doc. 14) or, in the alternative, his Renewed Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Despite his prior failed attempts to sue Judge Brantley, along with other Cobb County Superior Court judges, Plaintiff files the instant Amended Complaint as yet another attempt to recuse Judge Brantley from his underlying Cobb County Superior Court case, *Murray v. Hill*, No. 23104461 (Ga. Super. Ct. Cobb Cty. filed June 8, 2023), claiming that Judge Brantley continuing to preside over the case violates his Fourteenth and First Amendment rights. Doc. 14 at ¶ a-c, "Prayers for Relief." At the outset, Plaintiff's Amended Complaint must be stricken because it was not timely filed. *See*, Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, should this Court consider Plaintiff's Amended Complaint, this Court should decline to grant Plaintiff the extraordinary relief he seeks and dismiss the Amended Complaint on substantive grounds as well.

Preceding this case, Plaintiff has brought two separate, yet factually related cases with respect to the allegations herein: (1) *McMaster v. Veal, et al.*, Civil Action No. 1:24-cv-03436-JPB; and (2) *McMaster v. Karli Smith a/k/a Karli Fried*, Civil Action No. 1:25-cv-04077-JPB. With respect to the first, this Court recently issued a Dismissal at Doc. 85, while Plaintiff voluntarily dismissed the second matter at Doc. 29 against Karli Smith.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff files the instant action as yet another attempt at "judge shopping" within the superior courts of Cobb County, Georgia. This Court should reject Plaintiff's further attempt to do so.

In filing this action, Plaintiff seeks to perpetuate an unsubstantiated narrative of extreme civil rights violations in the name of declaratory and injunctive relief against Cobb County Superior Court Senior Judge Brantley, whom he previously voluntarily dismissed in *McMaster v. Veal, et al.*, Civil Action No. 1:24-cv-03436-JPB at Doc. 52 therein. McMaster asserts nearly identical allegations herein as he made in *McMaster v. Veal*. *Compare* Doc. 1, Doc. 14 *with* Doc. 82-2, *McMaster v. Veal*. Responding directly to Doc. 82-2, which this Complaint most closely resembles, this Court denied Plaintiff's motion to supplement his Complaint, reasoning that he "include[d] facts about former defendants that he previously dismissed from this case." *McMaster v. Veal*, et al., Civil Action No. 1:24-cv-03436-JPB at 15, Doc. 85

Plaintiff McMaster is a licensed attorney in the State of Georgia but appears *pro se* in this action. (Doc. 14, ¶ 6). Defendant Judge Brantley is a Senior Superior Court Judge in Cobb County, along with Defendant Christopher Hansard, who is the "Cobb County Superior Court Administrator," as alleged by Plaintiff. (*Id.* at ¶ 8).

Judge Brantley has been duly elected or appointed to sit on the Cobb County Superior Court Bench, in accordance with O.C.G.A. § 15-6-4.1, *et seq.*

Plaintiff filed the initial Complaint on November 24, 2025, alleging considerably the same as the Amended Complaint. *Compare* Doc. 1 *with* Doc. 14. On March 4, 2026, Judge Brantley filed a Motion to Dismiss, arguing lack of subject matter jurisdiction, absolute judicial immunity, and failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(1) and 12(b)(6). Doc. 9, 9-1. Plaintiff filed a response to Judge Brantley's Motion to Dismiss on March 23, 2026, indicating that he "intend[ed] to exercise his right to amend his Complaint pursuant to Federal Rule of Civil Procedure ('FDRC') 15(a)(1)(B) within the statutory period allowed, which will render all pending motions to dismiss *moot*. *See* FDRC(6)(d)." (Docs. 11-12). Plaintiff untimely filed this Amended Complaint on March 30, 2028, 26 days after Judge Brantley's Motion to Dismiss was served (Doc. 9, 9-1, filed March 4, 2026).

As in the original Complaint, in the Amended Complaint, Plaintiff claims that the December 4, 2024, Recusal Order issued by Judge A. Gregory Poole (Doc. 1-12 at 29-30) remains valid and was never vacated. (Doc. 14 at ¶ 36). Articulated more clearly in other related suits, Plaintiff claims that this December 4, 2024, Recusal Order required recusal of "all Cobb County Superior Court judges and former Cobb County Superior Court judges serving as senior judges." (*Id.*; *see also Murray v.*

*Brantley, et al.*, Doc. 1 at ¶¶ 29, 52, 54, Doc. 19 at ¶ 23). Accordingly, Plaintiff contends Judge Brantley's recusal via this December 4, 2024, Order was permanent and permanently binding, outside of just the purposes of solely determining whether recusal was necessary. (*Id.*).[1] Nevertheless, in spite of this, Plaintiff incredulously claims that Judge Brantley jointly plotted with other Cobb judges for him to be improperly appointed to Plaintiff's underlying case, through either a recusal themselves or otherwise colluding to somehow circumvent the established recusal procedures. (Doc. 14 at ¶¶ 30-38).

Specifically, Plaintiff asserts in Count I that Judge Brantley's appointment has violated his Fourteenth Amendment's guarantee of a fair and impartial tribunal. (*Id.* at ¶¶ 86-99). In Count II, McMaster alleges that such appointment was an act of retaliation for his public criticisms of Judge Brantley, as well as other related suits against him. (*Id.* at ¶¶ 100-105). The allegations of deep state conspiracy continue in Counts III and IV, as Plaintiff asserts both defendants have somehow manufactured this Court's abstention through "jurisdictional manipulation for the express purpose of shielding their retaliatory conduct ..." (*Id.* at ¶ 112). The

[1] Even with these allegations, Plaintiff also references at ¶ 36 a subsequent August 25, 2025, Order from Judge Jason D. Marbutt that effectively finds Judge Julie Adams Jacobs had previously "vacated" such December 4, 2024, Order. (Doc. 1-12 at 40-43). Judge Jacobs' preceding Order of April 28, 2025, notes that "[p]laintiff plainly withdrew his motions to recuse, even filing a subsequent *Notice of No Pending Recusal Motions*...". Ex. A at 3.

Complaint is wrapped in a bow in Count IV, as it combines the allegations as set forth above, again mimicking how such "retaliation" violates both his First and Fourteenth Amendment rights, asking alternatively for "Injunctive Relief Against Brantley." (*Id.* at ¶¶ 118-126). One of the only substantive changes between Doc. 1 and Doc. 14 is Plaintiff's expansion of Section (C) that he titles, "Plaintiff Ran Again for Judicial Office – May 2024." Doc. 14 at 18-23. There, Plaintiff alleges a connection between Judge Brantley and another Cobb County State Court Judge, The Honorable Carl Bowers. *Id.* The section attempts to allege impropriety by Judge Brantley for excluding a marriage settlement agreement and refusing to recuse himself in two separate cases. *Id.* at ¶¶ 21, 23. To support this theory, Plaintiff cites to himself in an online web forum at Doc. 1-6. *Id*. at 22. As pled in Judge Brantley's initial Motion to Dismiss (Doc. 9, 9-1), any such additional allegations do not affect his position that Plaintiff has continued to state a claim for relief.

Accordingly, Plaintiff prays blanketly for declaratory or injunctive relief seeking that this Court issue numerous declarations respecting his First and Fourteenth Amendment Rights. (Doc. 14 at ¶¶ a-g, Prayers for Relief).

Judge Brantley contends the instant Amended Complaint should be stricken, as it was filed out of time on March 30, 2026. Assuming this Court does not strike the Amended Complaint for its untimeliness, however, the instant Renewed Motion

to Dismiss is timely filed, and for the reasons articulated herein, the Amended Complaint should be dismissed. *See*, Fed. R. Civ. P. 15(a)(3).

## ARGUMENT AND CITATION TO AUTHORITY

### I. LEGAL STANDARDS

#### A. STANDARD FOR MOTION TO DISMISS: RULE 12(B)(1)

Subject-matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95, 118 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377(1994) (alteration added). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *Mcnutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case[.]" *Smith v. Gte. Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted).

#### B. STANDARD FOR MOTION TO DISMISS: RULE 12(B)(6)

A Rule 12(b)(6) motion requires an assessment of whether the plaintiff has set forth claims upon which a court may grant relief. In considering a party's motion to

dismiss, the court accepts the non-movant's allegations as true and construes the complaint in the non-movant's favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (holding that courts are to "eliminate any allegations in the complaint that are merely legal conclusions.").

Additionally, "unwarranted deductions of fact in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. The Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotations omitted). A court is to make reasonable inferences in the plaintiff's favor, but it is not required to draw the plaintiff's inferences. *Sinaltrainal*, 578 F.3d at 1260; *see also Amer. Dental Assoc.*, 605 F.3d at 1290 ("[c]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." (quoting *Iqbal*, 556 U.S. at 682)). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal*, 578 F.3d at 1260. A complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations; however, a plaintiff's obligation to provide the

"grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.*

Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft*, 556 U.S. at 678 (2009).

## II. PLAINTIFF'S AMENDED COMPLAINT WAS NOT TIMELY FILED, THUS REQUIRING IT TO BE STRICKEN.

As set forth previously, Plaintiff filed the Amended Complaint on March 30, 2028, 26 days after Judge Brantley's Motion to Dismiss was served (Doc. 9, 9-1, filed March 4, 2026). Prior to that, Plaintiff filed a response to Judge Brantley's Motion to Dismiss on March 23, 2026, stating that he "intend[ed] to exercise his right to amend his Complaint pursuant to Federal Rule of Civil Procedure ('FDRC') 15(a)(1)(B) within the statutory period allowed, which will render all pending motions to dismiss *moot*." *See* FDRC(6)(d)." (Docs. 11-12). Although "FDRC(6)(d)" does not exist, Fed. R. Civ. P. (6)(d) historically provided litigants three extra days if a document was served by mail or "electronic means." Fed. R. Civ. P. 6(d) (2015). This Rule was amended in 2016 to remove "electronic means" as a triggering event for this exemption. Fed. R. Civ. P. 6(d) (2016). Looking at both

this amendment and the Court's mandatory requirement that attorneys utilize "only" electronic filing – "absent good cause" – neither exception applies to Plaintiff here. N.D. Ga. Civ. R. app. H, § 1. Because FRCP 6(d) no longer provides a three-day extension for electronic service, Plaintiff's 21-day window to amend as a matter of course under Rule 15(a)(1)(B) expired on March 25, 2026. Plaintiff did not seek leave of Court, nor obtain written consent to file out of time, and thus, the Amended Complaint must be stricken.

## III. SHOULD THE COURT ACCEPT PLAINTIFF'S AMENDED COMPLAINT, PLAINTIFF'S AMENDED COMPLAINT MUST STILL BE DISMISSED, AS PLAINTIFF HAS NO STANDING TO BRING THIS ACTION.

Article III of the U.S. Constitution limits this Court's jurisdiction to "actual 'cases' or 'controversies.'" *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995) (citing *Flast v. Cohen*, 392 U.S. 83, 94-96 (1968)). "As the party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating that [he has] standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "To have a case or controversy, a litigant must establish that he [or she] has standing, which must exist throughout all stages of litigation." *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) (citation and internal quotation omitted). To establish standing, the litigant must show: (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Indeed,

"[s]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek, (for example, injunctive relief and damages)." *TransUnion LLC*, 594 U.S. at 431. As will be demonstrated below, Plaintiff does not have standing here.

To satisfy the requirement of injury in fact, there must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1336 (11th Cir. 2019). The United States Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 544 (2020) (quoting *Spokeo v. Robins*, 578 U.S. 330, 341 (2016)). Further, generalized fear that malicious activity might occur is not sufficiently concrete to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). A plaintiff may not rely on vague hypothetical future events to constitute an "injury in fact." *Id.* In other words, Plaintiff cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not impending. *See Pennsylvania v. New Jersey,* 426 U.S. 660, 664 (1976) (*per curiam*).

The next element of standing is causation, for which a plaintiff's injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (alterations adopted) (internal quotation marks omitted).

Finally, an injury is redressable when "a decision in a plaintiff's favor would significantly increase the likelihood that [he] would obtain relief." *Lewis v. Gov. of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (*en banc*) (internal citations omitted). "[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision' of the court." *Georgia Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1116 (11th Cir. 2022).

Here, Plaintiff's core claim of injury is premised upon the December 4, 2024, Recusal Order within the underlying case. (Doc. 14 at ¶ 36; Doc. 1 at ¶ 31 (each addressing Doc. 1-12 at 29-30)). Specifically, Plaintiff asserts that this December 4, 2024, Recusal Order, remains valid and was never vacated. *Id*. However, Judge Julie Adams Jacobs effectively found such to be vacated within her Order of April 28, 2025, expressly noting that Plaintiff had withdrawn all previous recusal motions. Ex. A at 3.

Looking prospectively, Plaintiff is not entitled to any permanent declaratory relief based upon a broad assertion that Judge Brantley is purportedly corrupt and

incapable of issuing impartial judgments against Plaintiff. Throughout Plaintiff's Amended Complaint, Judge Brantley's alleged actions are so remote and/or potentially remote that any causative factor in an injury to Plaintiff would be near impossible to determine. Likewise, Plaintiff alleges that after 11 plus judges had presided over his case at one point, Judge Brantley conspired to have himself appointed as an act of retaliation. (Doc. 14 at ¶¶ 24-29; Doc. 1 at ¶¶ 80-84). This claim is purely "conjectural or hypothetical," bolstered by no supporting allegations, hoping to manufacture yet another recusal based upon Plaintiff's own calculated acts. *Aaron Private Clinic Mgmt. LLC*, 912 F.3d at 1336. Plaintiff asks the Court to speculate across an amalgamation of five different exhibits, some of which are exhibits within exhibits citing himself, to grasp for the alleged concept that Judge Brantley jointly conspired against him. Here, Plaintiff's claim is halted at the injury in fact stage, as it is not "concrete and particularized . . . actual or imminent" and is simply "conjectural or hypothetical", per *Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1336 (11th Cir. 2019). And, because the December 4, 2024, Recusal Order (Doc. 12-1 at 29-30) was duly vacated per Judge Jacobs Order (Ex. A), Plaintiff's claims are not redressable by a federal court of law, thus mandating dismissal.

For these reasons, Plaintiff lacks standing, and the Amended Complaint mist be dismissed.

## IV. THE COURT SHOULD DECLINE TO EXERCISE JURISDICTION UNDER *YOUNGER V. HARRIS*.

Federal courts ordinarily abstain from adjudicating cases where state proceedings are pending. *See Younger v. Harris,* 401 U.S. 31 (1971). The *Younger* doctrine has been interpreted as "preventing federal courts from being the grand overseers of state courts and court-like administration." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004). In turn, abstention is proper where a federal injunction would (1) create an undue interference with state proceedings and (2) where the state proceedings at issue involve orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*

Here, although Plaintiff avers that the *Younger* abstention does not bar this action, he seeks declaratory and injunctive relief against Judge Brantley, specifically stemming from his underlying case. (Doc. 14 at ¶ ¶ 41, 114). Granting relief in this case would unduly interfere with said state proceedings and impinge on a Georgia court's judicial function. The Court should therefore abstain from exercising jurisdiction in this case.

## V. PLAINTIFF IS NOT ENTITLED TO DECLARATORY RELIEF.

The Federal Declaratory Judgement Act ("Act"), 28 U.S.C. § 2201, *et seq.*, states, in part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration,

whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Act is "is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (2005). Although the Act "empowers federal courts to declare rights, it imposes no duty to do so." *Gold-Fogel v. Fogel*, 16 F.4th 790, 797 (11th Cir. 2021).

Further, the Act is not an independent basis for federal court jurisdiction. *See FEC v. Reform Party of the United States*, 479 F.3d 1302, n. 5 (11th Cir. 1989); *Wendy's Int'l., Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989); *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980). Rather, before declaratory relief is available pursuant to 28 U.S.C. § 2201(a), an independent basis for federal jurisdiction must be established. *Id.* Chief among these is the requirement of Article III standing. *Wendy's Int'l., Inc.*, 868 F.2d at 435. Moreover, "[i]n order to receive declaratory … relief, [a] plaintiff[ ] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). Notably, "[a] state appellate process is an adequate remedy at law." *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam). *See also Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020).

Plaintiff's Amended Complaint asserts generally claims for deprivation of due process, Fourteenth Amendment rights, and First Amendment retaliation, broadly seeking declaratory relief against Judge Brantley. (Doc. 14 at ¶¶ 86-130). However, this Court should decline to exercise its discretion to provide declaratory relief in the instant matter. Per *Bolin*, as Plaintiff's allegations require such extreme speculation, he cannot establish either a federal violation, nor a risk of continuing irreparable injury. *Bolin* 225 F.3d at 1242. Plaintiff's assertion regarding the adequacy of his state appellate process is that such is inadequate, simply because he claims the entire Cobb bench is biased. *See* Doc. 14 at ¶¶ 60-70. Such a generalized, sweeping claim is insufficient to establish the absence of an adequate remedy.

Further, an independent basis for federal jurisdiction has not been alleged, nor can be established herein. As previously articulated, this Court lacks subject matter jurisdiction due to the absence of Article III standing.

In sum, Plaintiff's allegations fail to state claims for the alleged constitutional violations in his Amended Complaint. There is no risk of continuing irreparable injury if the relief is not granted. He further possesses an adequate remedy at law – a state appellate process respecting his underlying matter. As such, Plaintiff's request for declaratory relief fails.

## VI. PLAINTIFF CANNOT OBTAIN INJUNCTIVE RELIEF BECAUSE HE FAILS TO ALLEGE THE NECESSARY ELEMENTS OF 42 U.S.C.

**§ 1983 AND BECAUSE THERE WAS AN ADEQUATE REMEDY AT LAW.**

To the extent Plaintiff seeks injunctive relief directly against Judge Brantley, he is barred by the text of 42 U.S.C. § 1983 and because there was an adequate remedy at law. Accordingly, Plaintiff's claims for injunctive relief against Judge Brantley should be dismissed.

Under *Pulliam v. Allen*, state judges do not have absolute immunity from claims for injunctive and declaratory relief in a section 1983 action. *Pulliam*, 466 U.S. 522, 536 (1984). However, the reach of *Pulliam* is limited by the amended language of section 1983. As amended after *Pulliam*, Plaintiff cannot seek injunctive relief for "judicial" acts under section 1983 unless "a declaratory decree was violated or declaratory relief was unavailable." *See Cichowski v. Totten*, 2024 U.S. App. LEXIS 11720; 42 U.S.C. § 1983 (stating "injunctive relief" is not available "for an act or omission taken in such officer's judicial capacity . . ."). Here, under the text of section 1983, Plaintiff cannot obtain injunctive relief against Judge Brantley because no declaratory decree was violated. Plaintiff further fails to establish that declaratory relief was unavailable. Though he alleges that Judge Brantley's appointment alone is a violation of Judge Poole's prior order, Judge Poole's order was not a "declaratory decree" in the context of *Pulliam*. Accordingly, Plaintiff's request for injunctive relief fails on multiple grounds, requiring dismissal of the Complaint.

## VII. PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

Plaintiff fails to state a claim under 42 U.S.C. § 1983. Section 1983 provides a cause of action for damages against every person who, acting under color of state law, deprives another of "rights, privileges, or immunities, secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not itself a source of substantive rights," and instead provides a "method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n.3 (1979)). When a court considers a section 1983 claim, it must first identify the specific right allegedly infringed and then determine the validity of the claim "by reference to the specific constitutional standard which governs that right." *Albright*, 510 U.S. at 271; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Here, Plaintiff has failed to plead facts that would associate Judge Brantley with any asserted constitutional violation. *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1321-1322 (11th Cir. 2008) (*citing Pamel Corp. v. Puerto Rico Hwy. Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (stating that the complaint must "state with some minimal particularity how overt acts of the defendant(s) caused a legal wrong.")). There are no facts pled – rather, only conclusory allegations – indicating how Plaintiff's constitutional rights were allegedly infringed upon. Plaintiff's claims against Judge Brantley amount to "unadorned, the-defendants-unlawfully harmed-

accusation" consisting of "'naked assertion[s]' devoid of 'further factual enhancement'" insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). For these reasons, this Court should dismiss the Amended Complaint.

## VIII. PLAINTIFF'S ALLEGATIONS ARE BARRED UNDER RES JUDICATA.

Because Plaintiff voluntarily dismissed Judge Brantley from his initial action containing the same allegations, he may not get a second bite at the apple through initiating the instant suit, thus requiring dismissal.

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979) (internal citations omitted). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153-154.

As demonstrated, this matter is one of four nearly identical cases, three of which brought by Plaintiff himself, in terms of alleged corruption among the Cobb County judiciary. The first was *McMaster v. Veal et al.*, Civil Action No. 1:24-cv-03436-JPB, wherein Plaintiff *voluntarily dismissed* Judge Brantley at Doc. 52 therein, later receiving a dismissal from this Court based upon these exact

allegations. Now, however, he pleads that this Court allow him to effectively relitigate these claims because he filed such dismissal "believing [Judge Brantley] no longer had the ability or opportunity to target Plaintiff." (Doc. 14 at 37, Doc. 1 at 86).

Because Plaintiff willingly dismissed Judge Brantley from his earlier suit arising from the same cause of action and claims included, this matter must be dismissed under *res judicata*.

## IX. **<u>JUDGE BRANTLEY IS OTHERWISE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.</u>**

"Judges are immune from liability in civil actions for acts performed in their judicial capacity." *Griffin v. City of Brunswick*, 2005 U.S. Dist. LEXIS 34922, at *10 (S.D. Ga. Nov. 30, 2005). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Additionally, judicial "immunity generally extends to claims for declaratory and injunctive relief." *Makere v. Early*, 2023 U.S. App. LEXIS 28750, at *9 (11th Cir. Oct. 30, 2023). Judicial immunity applies even when a judge's acts are in error, malicious, or in excess of his jurisdiction. *Id.* Judicial immunity can only be overcome if an action is nonjudicial or, while judicial in nature, taken in complete absence of jurisdiction. *See Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008).

In the present matter, Judge Brantley is entitled to absolute judicial immunity. In Georgia "[t]he superior courts shall have jurisdiction in all cases, except as otherwise provided in the Constitution. They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; and in divorce cases." Ga. Const. Art. VI, § 4, ¶ I. In presiding over cases in Cobb County Superior Court, Judge Brantley acts within his jurisdiction and judicial capacity as a Senior Judge. There are no allegations that he engaged in nonjudicial conduct or lacked jurisdiction to act within his scope as judge. Thus, Judge Brantley is entitled to absolute judicial immunity, and all claims against him should be dismissed with prejudice.

## CONCLUSION

For these reasons, this Court should dismiss Plaintiff's Amended Complaint in its entirety and enter judgment against Plaintiff, in favor of Judge Brantley.

Respectfully submitted this 13th day of April, 2026.

CHRISTOPHER M. CARR 112505
Attorney General

BRYAN K. WEBB 743580
Deputy Attorney General

KATHERINE P. STOFF 536807
Senior Assistant Attorney General

KRISTEN L. SETTLEMIRE 919430
Senior Assistant Attorney General

*/s/ G. Keith Pridgen*
G. KEITH PRIDGEN, JR. 960417
Assistant Attorney General

*Attorneys for Judge Brantley*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:25-CV-6726-JPB |
| | ) | |
| GEORGE G. BRANTLEY, | ) | |
| CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing motion and memorandum of law have been prepared using Times New Roman, 14-point font.

*/s/Keith Pridgen*
G. KEITH PRIDGEN, JR.
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:25-CV-6726-JPB |
| | ) | |
| GEORGE G. BRANTLEY, | ) | |
| CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the Honorable George G. Brantley's Motion to Dismiss and Memorandum of Law in Support thereof using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys or *pro se* parties of record:

Matthew D. McMaster, Pro Se Plaintiff
12 Powder Springs Street, Suite 230
Marietta, Georgia 30064
mdmcmaster@mcmasterlegal.com

I hereby certify that if applicable I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Matthew D. McMaster, Pro Se Plaintiff
12 Powder Springs Street, Suite 230
Marietta, Georgia 30064
mdmcmaster@mcmasterlegal.com

This 13th day of April, 2026.

/s/ Keith Pridgen
G. KEITH PRIDGEN, JR.
Assistant Attorney General

Ga. Bar No. 960417
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334
Telephone: (404) 458-3603
kpridgen@law.ga.gov