FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
APR 30 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MATTHEW D. MCMASTER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| v. | ) | 1:25-CV-06726-JPB |
| | ) | |
| GEORGE G. BRANTLEY, and CHRISTOPHER HANSARD, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN RESPONSE TO THE HONORABLE GEORGE G. BRANTLEY'S MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW Plaintiff, MATTHEW D. MCMASTER, pro se, and files this *Brief in Response to the Honorable George G. Brantley's Motion to Strike and Motion to Dismiss Plaintiff's Amended Complaint* ("Response"). Plaintiff asserts a continuing objection to the Court's consideration of allegations of facts that extend beyond the pleadings as such matters would most appropriately be adjudicated in a motion for summary judgment.

## I. <u>RESPONSE TO DEFENDANT'S INTRODUCTION</u>

Defendant Judge George G. Brantley, by and through his *Defendant The Honorable George G. Brantley's Motion to Strike Plaintiff's Amended Complaint or In the Alternative Renewed Motion to Dismiss* ("Compound Motion") [Docs. 17

and 17-1], opens his brief with accusations that are both factually and legally impossible. Specifically, Defendant alleges that "Plaintiff files the instant Amended Complaint as yet another attempt to recuse Judge Brantley from his underlying Cobb County Superior Court case, *Murray v. Hill*, No. 23104461 (Ga. Super. Ct. Cobb Cty. Filed June 8, 2023) . . . ." (Doc. 17-1 at p. 2). However, Plaintiff's is no longer an attorney of record to the *Murray v. Hill* case;[1] Plaintiff is not dismissing this action; and Plaintiff's Amended Complaint [Doc. 14] makes clear that "Plaintiff does not ask this Court to review, alter, or supervise any state court adjudicative decision-nor to intervene in any pending state proceeding. Plaintiff seeks only constitutional declarations governing retaliatory administrative conduct." (Doc. 14 ¶ 2). "This is not a dispute about the administration of a single case. It is a targeted pattern of pursuit by a state judicial officer (Judge Brantley) who has repeatedly attempted to exert jurisdiction over Plaintiff personally in retaliation for Plaintiff's protected speech, political candidacy, and exercise of right to petition against Defendants' interests." (Doc. 14 ¶ 3). Plaintiff further makes clear that his injury "does not depend on speculation about future events or on the outcome of any state-court proceeding." (Doc. 14 ¶ 52).

[1] Plaintiff further shows that "[v]oluntary cessation by Defendants after Plaintiff files federal lawsuits is not an adequate remedy and cannot provide the prospective relief that Plaintiff needs from this Court for continual protection." (Doc. 14 ¶ 4).

Defendant's grounds for striking are also inconsistent with the facts (and the law). Specifically, Plaintiff is *pro se* and not registered for e-filing or e-service.[2] *See* Fed. R. Civ. P. ("Rule") 5(b)(2). Therefore, timing is proper pursuant to Rule 6(a)(3)(A) and (d). Thus, Defendant's motion to strike specifically must be **denied** and the Court need not spend more time on this issue.

## II. ARGUMENT

### A. Plaintiff's Amended Complaint Was Timely Filed.

As noted in the above Response to Defendant's Introduction, Defendant's assertion that Plaintiff's Amended Complaint was untimely is without merit and "the Court need not spend more time on this particular issue." Section I, *supra*.

### B. Plaintiff Has Standing to Bring This Action.

Defendant improperly argues that Plaintiff lacks standing because "Plaintiff's core claim of injury is premised upon the December 4, 2024, Recusal Order within the underlying [*Murray v. Hill*, Cobb County Superior Court] case."[3] (Doc. 17-1 at 12) (citing to (Doc. 14 ¶ 36)). However, Paragraphs 44-59 of Plaintiff's Amended Complaint are the primary paragraphs regarding Plaintiff's

---

[2] It should be further noted that this allegation of fact by Defendant is outside the pleadings, unsupported by affidavit or evidence, and should therefore not be considered.

[3] Defendant attempts to recharacterize Plaintiff's injuries as alleged—presumably in an attempt to trigger an abstention "knee jerk" response by this Court. *See* (Doc. 17-1 at p. 12). Plaintiff respectfully requests that this Court take its time and thoroughly scrutinize Defendant's assertion here.

standing, which are clear and distinct from Defendant's narrow assertion here. (Doc. 14 ¶¶ 44-59). To establish standing, Plaintiff must show an injury in fact that is concrete, particularized, and actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Based on the Amended Complaint, Plaintiff has standing based on (a) the imposition of a coercive Hobson's choice between enduring retaliation and withdrawing as counsel; (b) completed destruction of existing attorney-client relationships; and (c) ongoing *chilling* of Plaintiff's professional advocacy. (Doc. 14 ¶¶ 44-59). Here, Plaintiff has standing. (Doc. 14 ¶¶ 42-59); *see also* (Doc. 14 ¶¶ 14-15, 88-99, 101-105, 107-113, 119-122).

**1. Plaintiff's Injuries Are Concrete and Ongoing**

The injuries are personal to Plaintiff (e.g., economic, professional, and First Amendment) and are concrete, ongoing, and redressable through prospective relief.

*a. Repeated Hobson's Choice Imposed on Plaintiff.*

When Defendant Brantley inserts himself into Plaintiff's cases as a senior judge, Plaintiff is confronted with only two options: (a) remain in the case and endure harassment, hostile treatment, and the threat of retaliatory sanctions; or (b) withdraw as counsel to protect himself from retaliation. *See* (Doc. 14 ¶¶ 4, 14-17, 27-29, 37-41, 68-69, 93, 105, 110, 113). Defendant, as a "state actor," may not condition Plaintiff's exercise of his profession or the continuation of lawful

representation on submission to retaliatory punishment. This coercive choice constitutes a present, concrete injury to Plaintiff personally.

*b. Destruction of Attorney Client Relationships.*

Defendant Brantley's conduct has already forced Plaintiff to withdraw from two previous active representations. (Doc. 14 ¶¶ 4, 16, 29, 38-41, 50). Each forced withdrawal terminates an existing attorney-client relationship, deprives Plaintiff of ongoing legal work, and causes direct economic and professional harm. (Doc. 14 ¶ 51). This injury is complete, concrete, and particularized. It does not depend on speculation about future events or on the outcome of any state-court proceeding. (Doc. 14 ¶ 52).

*c. Ongoing Chilling and Interference with Plaintiff's Law Practice.*

Defendant Brantley's continued interference with Plaintiff's cases as a senior judge limits Plaintiff's ability to represent his clients in a court of law, *chills* Plaintiff's exercise of rights to associate, advocacy, and right to petition to record under USCR 22. (Doc. 14 ¶¶ 17-18, 25-26, 90, 97). Plaintiff cannot assure current or prospective clients that representation will be free from retaliatory judicial interference from Brantley or that requests to record under USCR 22 will not be met with retaliation. As a result, Plaintiff is deterred from continuing representations and engaging in protected advocacy and speech when Defendant uses administrative tactics to intervene in Plaintiff's cases. *See* (Doc. 14 ¶ 113).

This ongoing abuse and threat of abuse constitutes an independent injury distinct from any single state case, pleading, order, or motion.

**2. Plaintiff's Injuries Are Redressable**

Plaintiff's requested relief—declaratory orders removing Defendant Brantley's motive for interfering with Plaintiff's cases—would directly address the alleged ongoing and future violations described above. (Doc. 14 ¶¶ 2, 13, 44, 76-79, 99, 105, 116-117); (Doc. 14 at pp. 47-50); *See Lewis v. Gov. of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (holding that relief is redressable if it significantly increases the likelihood of preventing harm). Thus, Plaintiff's claims are redressable.

Because Plaintiff satisfies all standing requirements as shown above, this Court has subject matter jurisdiction under Article III and 28 U.S.C. § 1331.

**3. There Are No Other State Remedies**

28 U.S.C. § 2021(a) clearly states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, **whether or not further relief is or could be sought**." (Emphasis added). This is consistent with the rulings from the United States Supreme Court on the matter. *See e.g.*, *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943); *Steffel v. Thompson*, 415 U.S. 452 (1974) (reinforcing that declaratory relief is a flexible remedy and does not

mandate proving no other remedies exist, though courts may consider alternative remedies in their discretion.). Further, Plaintiff's Complaint [Doc. 1] plausibly establishes that there is no adequate state remedy, making that issue a factual question not appropriate for Defendant's facial attack on the pleadings. (Doc. 14 ¶¶ 60-70). However, Defendant continues to argue that Plaintiff has an adequate state remedy. (Doc. 17-1 at pp. 16-17). Thus, for the sake of *arguendo*, Plaintiff addresses the issue of the absence of an adequate remedy as follows.

The Eleventh Circuit has clarified that state remedies are inadequate when they cannot fully address federal constitutional violations. *See Duke v. Massey*, 87 F.3d 1226, 1233 (11th Cir. 1996) (holding that state remedies do not bar federal declaratory relief where federal rights are at stake). Here, any state processes existing under the guise that they are "remedies" for the relief sought by Plaintiff are tragically inadequate. *See Mitchum v. Foster*, 407 U.S. 225, 242 (1972) ("The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative, or judicial.'").[4]

[4] Defendant never argues that mandamus is an adequate remedy. Georgia law makes clear that mandamus is not to be used in place of the USCR 25 et seq. recusal process. O.C.G.A. § 9-6-20 explicitly states that "no writ of mandamus to compel the removal of a judge shall issue where no motion to recuse has been

First and foremost, the appellate process is for the litigants, not their attorneys. The fact that Plaintiff's advocacy was *chilled* by Defendant's past conduct against Plaintiff and against those similarly situated as Plaintiff—forcing Plaintiff to (i) terminate his attorney-client relationship resulting in (ii) file a motion to withdraw as counsel, (iii) file this federal lawsuits, all resulting in Brantley's "voluntary" cessation—most clearly exposes Defendant's flawed premise.

Second, the Constitution requires a neutral decision-maker in the first instance, not just the theoretical availability of post hoc remedies that are structurally incapable of success. *See Ward v. Village of Monroeville*, 409 U.S. 57, 61–62 (1972) (finding due process violation where structural bias tainted the tribunal despite the availability of appeal); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (due process demands recusal where the probability of bias is "too high to be constitutionally tolerable"). Forcing litigants to expend resources on serial, futile recusal motions and appeals not only denies them a meaningful opportunity to be heard before an impartial tribunal, but also *chills* their First Amendment right to petition the courts. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972) (First Amendment protects

filed, if such motion is available, or where a motion to recuse has been denied after assignment to a separate judge for hearing." *Id.*; *see e.g., Gray v. Manis*, 647 S.E.2d 588 (2007); *James v. Davis*, 629 S.E.2d 820 (2006).

access to courts from systemic barriers); *BE&K Constr. Co. v. NLRB*, 536 U.S. 516, 532 (2002) (litigation costs and burdens cannot be imposed in a way that penalizes petitioning activity).

Third, The Georgia Court of Appeals cannot "un-preside" a trial judge, and Plaintiff is not asking this Court to review any rulings against Plaintiff. If there was a remedy outside of this Court, Defendant would not so brazenly violate people's constitutional rights in the manner that he does, abusing his judicial authority under "color of law" the way he does. Defendant's assertion that "a state appellate process is an adequate remedy at law" is an empty statement without any evidence to support it. (Doc. 17-1 at 15-16). While Defendant does cite to cases to support the "appellate remedy theory," the cases cited are not comparable to this one here. The appellate courts cannot "un-violate" Plaintiff's rights. Nor can an appellate court provide a "prospective remedy" to deter judges who intend to retaliate against Plaintiff with impunity. The Georgia appellate courts cannot restore Plaintiff with time and money forever lost at the hands of a trial judge discriminatorily acting with intentional malfeasance against Plaintiff and his clients. Nor does the Court of Appeals have the power to sanction trial judges or provide for discovery procedures to prove a judge's bias. If the Georgia Court of Appeals had the ability to "un-preside" a bias judge, we would not be in this Court, at this time, in this case. Other judges do not seem to maintain Defendant's same

tendency to interfere with Plaintiff's advocacy—at least not to the extent of reaching the threshold of needing a remedy from this Court. Prospective relief from this Court—and this Court alone—can provide the deterrent Plaintiff needs from Defendant's agenda.

In short, there are no adequate remedies for preventing a bias judge with retaliatory motives and animus from using administrative loopholes to interfere with Plaintiff's cases. If there was, Defendant would not successfully interfere with Plaintiff's rights to petition, advocate, associate and free speech in the manner that he does, continuously and with impunity as he does. *See* (Doc. 14 ¶¶ 60-70).

**C. *Younger-Harris* Is Inapplicable.**

On January 20, 2026, Judge George G. Brantley granted Plaintiff's motion to withdraw as counsel of record from Cobb County Superior Court case *Murray v. Hill*, which released Plaintiff as the attorney of record for Robert Murray in that case. (Exhibits A-B). Thus, there is no ongoing state proceeding nor order to appeal. However, due to Plaintiff's continual practice across the State of Georgia and Cobb County in particular, the voluntary cessation doctrine dictates that these matters are still ripe for adjudication, given the ongoing nature of the injuries caused by Defendant. *Already LLC v. Nike*, 133 S.Ct. 721, (2013) ("A defendant cannot, however, automatically moot a case simply by ending its unlawful conduct

once sued.") (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S.Ct. 1070, 71 L.Ed.2d 152); (Doc. 14 ¶ 69).

**D. Plaintiff Is Entitled to Declaratory Relief.**

In Section V of Defendant's brief [Doc. 17-1 at pp. 14-16], Defendant argues that Plaintiff is not entitled to declaratory relief for lack of Article III standing. However, Plaintiff satisfies all standing requirements under Article III and 28 U.S.C. § 1331 as shown in Section II.B *supra*. *See also* (Doc. 14 ¶¶ 44-59, 88-99). This Court also has subject-matter jurisdiction over Plaintiff's § 1983 claims alleging First Amendment and Fourteenth Amendment violations. (Doc. 14 ¶¶ 10, 86-105). Plaintiff's claims arise under federal law (42 U.S.C. § 1983 and the U.S. Const.), satisfying 28 U.S.C. § 1331. (Doc. 14 ¶¶ 10, 86-126).

Defendant further argues that the "state appellate process" is an adequate remedy at law but provides no evidence to support this assertion. (Doc. 17-1 at p. 16); *see also* (Exhibits A-B). For reasons shown in Section II.B.3 *supra*, the state's appellate process is clearly inadequate to protect Plaintiff from future harm caused by Defendant. *See also* (Doc. 14 ¶¶ 60-75).

Plaintiff's claims are neither vague nor conclusory, as they are supported by specific examples of Defendant's conduct and its impact on Plaintiff's constitutional rights. Defendant's Motion fails to demonstrate otherwise.

**E. Plaintiff Is Entitled to Injunctive Relief Should this Court Decline Declaratory Relief.**

Plaintiff seeks injunctive relief as an alternative remedy should this Court conclude or should additional facts and circumstances establish that declaratory relief unavailable. (Doc. 14 ¶ 126). Thus, the Court cannot dismiss Plaintiff's claims for declaratory relief and at the same time dismiss Plaintiff's claims for injunctive relief on grounds that declaratory relief was available. *See* 42 U.S.C. § 1983.

Outside of the Section VI header of Defendant's brief [Doc. 17-1 at p. 16], Defendant does not make further argument supporting the assertion that Plaintiff "fails to allege the necessary elements of 42 U.S.C. 1983." *See generally* (Doc. 17-1 at 16-17). This is because Plaintiff properly pleads facts supporting the elements for injunctive relief: (1) irreparable injury from ongoing First Amendment and due process violations [Doc. 14 ¶¶ 44-59, 72, 95, 119-122]; (2) inadequacy of legal remedies [Doc. 14 ¶¶ 60-75, 123]; (3) balance of hardships favoring Plaintiff, as Defendant faces no undue burden in not presiding over Plaintiff's cases and the public has an interest in protecting Plaintiff's constitutional rights [Doc. 14 ¶ 12-18, 124-125]. (Doc. 14 ¶¶ 119-126). *See eBay Inc. v. MercExchange, LLC*, 547 US 388, 391 (2006).

**F. Plaintiff's Amended Complaint States a Plausible Claim Under 42 U.S.C. § 1983.**

Plaintiff's Amended Complaint alleges plausible violations of his First and Fourteenth Amendment rights under 42 U.S.C. § 1983—which requires a deprivation of a constitutional right by a person acting under color of state law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff properly pleads facts to support a claim for First Amendment retaliation as shown in [Doc. 14 ¶¶ 101-104], a claim for violation of due process rights as shown in [Doc. 14 ¶¶ 88-89], a claim for bad faith manufacturing of federal defenses [Doc. 14 ¶¶ 107-115], and a claim for injunctive relief as an alternative remedy [Doc. 14 ¶¶ 119-126]. *See also* Section II.B *supra*.

Additionally, the Amended Complaint details Defendant's conflicts of interest, including his relationships with Judge Carl Bowers and his history of biased rulings and open court harassment of Plaintiff. (Doc. 14 ¶¶ 17-18, 25-26, 41, 70, 77). These allegations meet the *Caperton* standard of an "unconstitutional probability of bias," as they show a pattern of Defendant favoring his allies and retaliating against his adversaries, such as Plaintiff. *See Caperton* at 881. Finally, Defendant's continual interference with Plaintiff's advocacy, even despite orders disqualifying him, violates both the Georgia Code of Judicial Conduct, Canon 2.11(A), and federal due process, entitling Plaintiff to declaratory relief.

In short, Plaintiff's Complaint plausibly alleges violations of Plaintiff's First and Fourteenth Amendment rights, and the requested relief is proper and necessary to protect Plaintiff's constitutional rights. *See also* Section II.B *supra*.

**G. Res Judicata Is Inapplicable.**

Defendant's attempted application of *res judicata* is misplaced. *See* (Doc. 17-1 at pp. 19-20). First and foremost, *res judicata* does not bar allegations—only claims and issues. Second, Defendant bases his argument on three other cases, only two brought by Plaintiff (and only one of which named Judge Brantley as Defendant), and both were dismissed *without prejudice*. *See* (Doc. 17-1 at pp. 19-20); *McMaster v. Veal et al.*, Case No. 1:24-cv-03436-JPB; *McMaster v. Smith*, Case No. 1:25-cv-4077-JPB. While all parties agree that "[u]nder res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," none of the cases filed by Plaintiff in this Court were ever decided on the merits. *Montana v. United* States, 440 U.S. 147, 153 (1979) (citing *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1877)). Thus, without further analysis, this Court must reject Defendant's *res judicate* defense.

**H. Judicial Immunity Does Not Bar Plaintiff's Claims.**

Judicial immunity does not bar claims for prospective declaratory and injunctive relief under § 1983 when a plaintiff seeks to remedy ongoing constitutional violations. *Pulliam v. Allen*, 466 U.S. 522, 536-37 (1984) (holding

that judicial immunity does not bar claims for prospective declaratory and injunctive relief under § 1983 when a plaintiff seeks to remedy ongoing constitutional violations). Because Defendant has shown a continued pattern of abusing his role and authority as a judge to harass and financially harm Plaintiff (as he has to others similarly situated as Plaintiff), Plaintiff seeks prospective relief to prevent Defendant from parachuting (inserting) himself as a judge into Plaintiff's future cases to which Defendant was never assigned in the first place and, if Defendant does, Plaintiff has the remedy of withdrawal as counsel. (Doc. 14 ¶¶ 1-3); (Doc. 14 at p. 47-48(a)-(e)). *See Pulliam* at 541-42 (holding that judicial immunity does not bar injunctive relief under § 1983).

Defendant's reliance on *Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008), is misplaced, as *Stegeman* involved a personal injury claim against a judge that stemmed from the judge's rulings in a case, whereas Plaintiff's claims are for *prospective relief* only and Plaintiff alleges extrajudicial bias stemming from Defendant's personal and professional relationships, which are extrajudicial in nature. (Doc. 14 ¶¶ 18-19, 90, 97). Defendant's reliance *Makere v. Early*, 2023 U.S. App. LEXIS 28750, at *9 (11th Cir. Oct. 30, 2023) is equally flawed. The Court in *Makere* stated in relevant part:

> Under § 1983, [declaratory and injunctive] relief is available only if the judicial officer violated a declaratory decree or declaratory relief is otherwise unavailable and there is an "absence of an adequate remedy at law." *See* 42 U.S.C. § 1983; *Bolin*, 225 F.3d at 1242. (Citation omitted).

Here, declaratory relief is unavailable because, at least during the pendency of this suit thus far, Plaintiff is presently deprived by this Court of his ability to develop his claims with discovery, which is also unavailable through the appellate courts. Thus, declaratory relief presently stands unavailable and Plaintiff's Complaint is sufficient to, at minimum, move forward with a preliminary injunction prior to the outcome of this case. For reasons stated in Section II.A.3 *supra*, there exist no other adequate remedies by the state to protect Plaintiff's constitutional rights from being violated by Defendant under color of law.

Thus, any authority that *Stegeman* and *Makere* may provide are of no consequence to this case and Plaintiff is not barred, nor Defendant protected, by any alleged judicial immunity defense.

## III. CONCLUSION

For the foregoing reasons, this Court must **deny** Defendant's Compound Motion [Doc. 17] in its entirety.

Submitted this 30th day of April, 2026.

April 30th, 2026.

/s/ ______________________
Matthew D. McMaster
*Plaintiff, Pro se*
Ga. Bar No. 218044

1095 New Haven Dr. SW
Marietta, GA 30064
(770) 362-6490 (cell)
(800) 890-3981 (office)
mdmcmaster@mcmasterlegal.com

12 Powder Springs St., Suite 230
Marietta, GA 30064
(800) 890-3981 (office)
(800) 890-3981 (fax)

## CERTIFICATE OF SERVICE

**I hereby certify that the foregoing submission was prepared using Times New Roman 14-point font in compliance with L. Rule 5.1(C)** and that I have caused a copy of the foregoing Response to be deposited in the United States Mail, postage prepaid, addressed to the Defendant's attorneys pursuant to Rule 5(b)(1) as follows:

**Keith Pridgen**
Georgia Department of Law
40 Capitol Square SW
Atlanta, GA 30334

**Melissa Tatum**
Office of the Cobb County Attorney
100 Cherokee Street, Suite 350
Marietta, Georgia 30090

Respectfully submitted this 30th day of April 2026.

/s/____________________
Matthew D. McMaster
*Plaintiff, Pro se*
GA Bar No. 218044

1095 New Haven Dr. SW
Marietta, GA 30064
(770) 362-6490 (cell)
(800) 890-3981 (office)
mdmcmaster@mcmasterlegal.com

12 Powder Springs St., Suite 230
Marietta, GA 30064
(800) 890-3981 (office)
(800) 890-3981 (fax)

# Exhibit A

# DECLARATION OF MATTHEW D. MCMASTER

I, Matthew D. McMaster, declare as follows:

1. I am over the age of 18 and am competent to testify to the matters stated herein.

2. I have personal knowledge of the facts set forth in this declaration.

3. I am not registered with the CM/ECF e-filing and e-service system. I do not receive notices when documents are e-filed by the opposing counsel in this case, 1:25-CV-6726-JPB, or any case in the Northern District of Georgia, and I cannot e-file documents into this case or any case pending in the Northern District of Georgia.

4. I am no longer an attorney of record in Cobb County Superior Court case, *Murray v. Hill*, Case No. 23104461. Attached hereto as Exhibit B is the order from the Court granting my withdrawal as counsel. My only reason for withdrawing from that case was because Judge George G. Brantley is presiding over the case.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of April 2026.

/s/

Matthew D. McMaster
Plaintiff, Pro se
Ga. Bar No. 218044

1095 New Haven Dr. SW
Marietta, GA 30064
(770) 362-6490 (cell)
(800) 890-3981 (office)

12 Powder Springs St., Suite 230
Marietta, GA 30064
(800) 890-3981 (office)
(800) 890-3981 (fax)

# Exhibit B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
JAN 20, 2026 02:30 PM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ROBERT MURRAY,

Plaintiff,

v.

VIC BROWN HILL, individually and
HILL MACDONALD, LLC,

Defendants.

CIVIL ACTION FILE
NO. 23104461

## ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

The Court finds that Counsel for Plaintiff, Matthew D. McMaster, has complied with the notice requirements of Uniform Superior Court Rule 4.3 with regard to the Motion to Withdraw as Counsel of Record and more than ten (10) days have passed since Plaintiff was notified of his Counsel's intent to withdraw as counsel of record.

Plaintiff's Counsel's *Motion to Withdraw as Counsel of Record* is hereby GRANTED. Matthew D. McMaster and his law firm are hereby relieved of the obligation to represent Plaintiff in the above-styled action. All future notices and pleadings filed in the above-styled action shall be served upon Plaintiff at his last known mailing address, which is **3871 Wyntuck Ct NW, Kennesaw, GA 30152**, and electronically to **pilotrmurray@gmail.com**.

This 13 day of January 2026 RHB

Presiding Judge
Cobb County Superior Court

Prepared and presented by:

/s/ Matthew D. McMaster
Matthew D. McMaster
*Withdrawing Attorney for Plaintiff*
Georgia Bar No. 218044

12 Powder Springs St., Suite 230
Marietta, GA 30064
Phone: (800) 890-3981
Fax: (800) 890-3981
mdmcmaster@mcmasterlegal.com